OPINION OF THE COURT
William L. Underwood, Jr., J.
This case presents several interesting applications of the small claims assessment review procedure set forth in Real Property Tax Law § 729 et seq. (tit 1-A) and the sparcity of reported cases.
Petitioner brings this CPLR article 78 proceeding to modify the decision of the small claims hearing officer so that petitioner’s final 1984/1985 village tax assessment is based on the residential assessment ratio promulgated by the New York State Board of Equalization and Assessment for respondent, the Village of Southampton.
Petitioner owns a single-family residence (Tax No. District 904, section 21, block 1, lot 11.1) in the Village of Southampton and the parties stipulated that it has a fair market value of $1,250,000. On April 1, 1984, the subject property was assessed at $113,750 and the ratio of assessed value ($113,750) to fair value ($1,250,000) is 9.1%.
Petitioner believed that the Town of Southampton should have used the residential assessment ratio (5.49%) promulgated by the State Board (see, Real Property Tax Law § 738). On or about April 25, 1984, he commenced a special proceeding for small claims assessment review, pursuant to Real Property Tax law § 730 et seq. (tit 1-A) to review his 1984/ 1985 village tax assessment on the subject property.
The petition alleges that the subject property is assessed at a higher percentage of fair market value than the average of residential property on the assessment roll; the assessment should be reduced to 5.49% of fair market value, which is the latest residential assessment ratio for the village and petitioner waives any tax savings in excess of $750 (see, Real Property Tax Law § 730 [1] [a] [3]).
A small claims hearing was held on May 18, 1984 and the only issue to be determined by the hearing officer was the appropriate percentage of fair value (ratio) to be applied to determine the assessment.
Petitioner introduced the latest residential assessment ratio *554 (5.49%) as evidence of the proper ratio to be applied. The village introduced the 1984/1985 Village State Equalization Rate (9.99%) as evidence of the proper ratio to be applied.
The hearing officer issued his decision on May 25, 1984 and he denied the petition (Real Property Tax Law § 733 [1]). He utilized the State Board’s equalization rate of 9.99% and when multiplied by the fair market value ($1,250,000) determined that the indicated assessed value should be $124,875. However, the equalization rate used by the town is 9.1% and when multiplied by the fair market value ($1,250,000) equals the actual assessment of $113,750 which is about $11,000 less than the indicated assessed value.
I
Respondent contends, in its answer (first objection in point of law), that this proceeding is untimely. Pursuant to Real Property Tax Law § 1410 the final assessment roll was completed and filed on April 2, 1984 and the notice of such filing was published on April 5, 1984. The proceeding was commenced on September 18, 1984 which is more than four months after the determination becomes "final and binding upon the petitioner” (CPLR 217; see also, Matter of Dudley v Kerwick, 52 NY2d 542).
Petitioner agrees that the four-month time limitation applies and contends that it should run from the date of the hearing officer’s decision (May 25, 1984) which would then make this proceeding timely.
There are no specific reported cases on this point (note, however, Matter of Tyrrell v Town of Greenville, 108 AD2d 1092, 1093 — although the court did not specifically state when the four-month time limitation begins to run, it did state that petitioner "commenced the instant CPLR article 78 proceeding” after the decision of the hearing officer). Petitioner was "aggrieved by an assessment on real property on the ground that such assessment is unequal” (Real Property Tax Law § 730 [1] [a]) when the final assessment roll was completed and filed with the Village Clerk on April 1, 1984 (Real Property Tax Law § 730 [3]; § 1410 — in reality, Apr. 2, 1984 because Apr. 1, 1984 was a Sunday). Thereafter, petitioner followed the procedures set forth in Real Property Tax Law § 730.
The court determines that this proceeding was timely commenced because it was commenced "within four months after the determination to be reviewed becomes final and binding *555 upon the petitioner” (CPLR 217). The determination to be reviewed is the decision of the hearing officer dated May 25, 1984 and this proceeding was commenced on September 18, 1984, within four months. The "period of limitation begins to run when petitioner receives a copy” of the decision which, of course, would be some time after May 25, 1984 (petitioner did not specify the date) (see, Matter of Unger v Joy, 78 AD2d 680).
Finally, the CPLR article 78 review is contained in Real Property Tax Law § 736 which is after the procedure outlined for a small claims hearing. The logical conclusion to be drawn is that the Legislature intended that there be judicial review after the decision from the hearing officer and not, as respondent contends, from the filing of the final assessment (compare, Real Property Tax Law § 702 [2]). Respondent would curtail petitioner’s four-month time period because petitioner would only have one month from an adverse ruling by the hearing officer to decide if he wants to seek judicial review (petition must be filed within 30 days from completion and filing of the final assessment roll — Real Property Tax Law § 730 [3]; hearing within 30 days thereafter — Real Property Tax Law § 732; and decision within 30 days of the conclusion of the hearing — Real Property Tax Law § 733).
II
Respondent’s second objection in point of law is that "petitioner cannot be awarded an assessed value reduction in excess of $13,636.00” because Real Property Tax Law § 730 (1) (a) (3) states that "the total anticipated reduction in all taxes * * * does not exceed seven hundred fifty dollars”. Petitioner has conceded this point and he complies with the section because his petition states that he "waives any tax savings in excess of $750.00”.
III
Petitioner contends that the small claims hearing officer should have used the residential assessment ratio (5.49%) promulgated by the State Board to determine the assessment of his property on the 1984 assessment roll.
Real Property Tax Law § 732 (2) provides, inter alia, that the "hearing officer shall consider the best evidence presented in each particular case. Such evidence may include, but shall not be limited to, the most recent equalization rate established for such assessing unit, the residential assessment ratio pro *556 mulgated by the state board * * * and the assessment of comparable residential properties within the same assessing unit” (emphasis added).
Petitioner only introduced the residential assessment ratio as the best evidence to determine his assessment on the 1984 assessment roll and he stated that his property is assessed at a higher ratio than the residential assessment ratio promulgated under Real Property Tax Law § 738.
Respondent submitted detailed evidence that the residential assessment ratio is not the best evidence of the ratio of assessed value to fair value of other residential properties on the 1984 assessment roll. Respondent did not contest the statistical accuracy of the residential assessment ratio in the small claims hearing (compare, Matter of Town of Mount Kisco v State Bd. of Equalization & Assessment, 64 NY2d 950) as petitioner contends, but rather, sought to rely on the State equalization rate as the best evidence in "each particular case”. The hearing officer determined that the State equalization rate was the best evidence presented in this case (Real Property Tax Law § 732 [2]) and the court cannot state, under the facts presented, that he made an "error of law” (CPLR 7803 [3]).
In order to prevail, petitioner .must establish that his property is assessed at a higher proportion of value than assessed valuation of other residential properties on the 1984 assessment roll (Real Property Tax Law § 729 [4] [a]). He has failed to do so. In fact, the evidence presented at the hearing shows that petitioner’s property is assessed at a lower ratio than other residential properties on the 1984 assessment roll (State Board Equalization rate for the town in 1984 is 9.99% and the rate used by the town on petitioner’s property is 9.1%).
In conclusion, this proceeding must be dismissed.