OPINION OF THE COURT
George G. Inglehart, J.
By deeds dated May 17, 1985 and August 2, 1985, title to part of "Greats Lots 5, 11 and 12” located in the Town of Watertown, Jefferson County, New York, was conveyed to the petitioner. The property was chosen and purchased by the petitioner as the site for the construction of a new shopping mall. In its efforts to obtain financing for the mall project, the petitioner entered into an arrangement with the Jefferson County Industrial Development Agency (hereinafter referred to as the JCIDA). At the same time, the parties also entered into an installment sale agreement (hereinafter referred to as an ISA). Pursuant to the terms of the ISA, the deeds to the petitioner’s property were to be held in escrow until the mall was completed or until the petitioner requested that they be reconveyed. The petitioner, by the terms of the agreement, was also to make "payments in lieu of taxes” in amounts equal to the normal amount of town, county and school district taxes that it would have been obligated to pay if title to the property had not been conveyed to the JCIDA. The respondent town approved of this arrangement as evidenced i by their resolution dated June 13, 1985. Construction on the project was commenced in the fall of 1985.
During the time that the subject property was owned by the JCIDA, it was entitled to a number of tax exemptions, one of them being a real property tax exemption. RPTL 412-a states that real property owned by industrial development agencies shall be entitled to exemptions as provided in the General Municipal Law. Its companion statute, section 874 of the General Municipal Law grants such properties full exemption from real property taxes. Although the subject property was entitled to this exemption, it is important to note that the petitioner did not take advantage of it, having agreed to make payments in lieu of taxes. The petitioner did take advantage, though, of other statutory exemptions to which the property was entitled under the Tax Law. These included a transfer tax exemption under Tax Law § 1400 et seq., a mortgage recording tax exemption under Tax Law § 258 and sales tax exemptions under Tax Law § 1101 et seq.
*134 After the mall construction was completed, title to the property was reconveyed to the petitioner. The petitioner thereafter filed an application with the respondents for a business investment exemption as provided for under RPTL 485-b. The application was denied by the respondents on the grounds that a certificate of occupancy was not attached to the application and that the prior ownership of the property by the JCIDA precluded the property from being eligible for this exemption. As a result of the denial of its application, the petitioner brought the present article 78 proceeding to annul, vacate and set aside the respondents’ decision.
The main issue in this proceeding is whether the subject property is entitled to the business investment exemption authorized by RPTL 485-b in light of the fact that it has already received the tax exemptions which were noted- above. RPTL 485-b (2) (d), which is at the heart of this issue, reads as follows: "No such exemption [under section 485-b] shall be granted concurrent with or subsequent to any other exemption which may be authorized by this chapter with respect to the same improvements to real property.” Respondents argue that, by the terms of this provision, the subject property has already received the benefit of exemptions as provided for under RPTL 412-a and is therefore not entitled to subsequently receive the exemption authorized by RPTL 485-b.
This court cannot agree with the respondents’ position. The transfer tax, mortgage recording tax and sales tax exemptions previously accorded the subject property while owned by the JCIDA were authorized by provisions of the Tax Law. They were not benefits enjoyed under the Real Property Tax Law and, therefore, are not a basis for declaring the petitioner ineligible for the business investment exemption. The property, while owned by the JCIDA, was also eligible for full exemption from any real property taxes, pursuant to RPTL 412-a and section 874 of the General Municipal Law. Although petitioner could have taken advantage of this exemption, it did not. Instead, as noted above, it agreed to make payments in lieu of taxes in the amounts that would have been due had the property not been entitled to such exemption. Therefore, since the petitioner was the owner of the subject property at the time of application and on the taxable status date of March 1, 1987 and since the petitioner did not receive the benefit of an exemption under the Real Property Tax Law prior to such time, it is not precluded from being entitled to the business investment exemption under RPTL 485-b.
*135 The petitioner has brought important social and economic benefits to the Watertown area with the construction of the mall and, presumably, one of the reasons why it chose to build the mall where it did was because of the advantages created by the Legislature in the creation of the ID As and the enactment of the business investment exemption. It appears that the petitioner properly entered into a financial arrangement with the JCIDA to assist it jn the construction of its project. Yet, it did not take advantage of all the benefits of such an arrangement. Instead, it voluntarily relinquished its right to a real property tax exemption and chose to make payments in lieu of taxes so that the respondents would not be deprived of this tax revenue. Now, the petitioner seeks to take advantage of the business investment exemption. The purpose behind this statute was to promote business development in the State in the exact nature as the mall. Since the respondents did not lose any real property tax revenues on the subject property and since they did not attempt to timely opt out of the provisions of RPTL 485-b, it would seem that a denial of the present petition would be greatly prejudicial to the petitioner. Therefore, the petition is granted in that the respondents’ denial of petitioner’s application is-annulled, vacated and set aside.
As to the other ground raised by the respondents in support of their denial of the petitioner’s application in regard to the submission of a certificate of occupancy, the court finds the respondents’ argument to be specious. RPTL 485-b (2) (b) (3) provides that an exemption may be granted only if construction is completed, "as may be evidenced by a certificate of occupancy or other appropriate documentation as provided by the owner”. This provision does not mandate that a certificate of occupancy accompany the application. It merely indicates that this is one form of evidence that may be submitted to prove that construction has been completed. In the present case, the respondents were well aware that the petitioner’s project had been completed. Besides the publicity which permeated the town regarding the mall’s opening, Ron Tibbets, the respondent town’s tax assessor, visited the mall in February of 1987 and personally saw that it was completed. This, coupled with the petitioner’s certified application as to the mail’s completion, is sufficient evidence to satisfy the requirements of RPTL 485-b (2) (b) (3). (It should also be mentioned that a mall, itself, does not receive a certificate of occupancy. Such certificates are granted on a store-by-store basis.)
*136 Notwithstanding the merits of this proceeding, the parties also raise two other issues which must be addressed. The first concerns the submission of two affidavits by the respondents after oral argument was had in the proceeding. The second concerns a motion made by the respondents’ attorney to strike various letters and documentation submitted by the petitioner’s attorneys.
At the end of the oral arguments held before the court, both parties were granted time for further submissions. The court did not specify the nature of the submissions that would be allowed. Since such submissions are in the court’s discretion and since there was no restriction stated as to the type of submissions to be allowed, the affidavits submitted by the respondent are allowed and received.
The second matter concerns the respondents’ motion to strike some of the petitioner’s papers. After this motion was made and a conference was held before the court, the petitioner’s attorneys agreed to revise the papers which the respondents’ attorney had objected to. After this was accomplished and the papers were forwarded to the respondents’ attorney for approval, the respondents’ attorney requested that the motion be withdrawn. The respondents’ request to withdraw the motion is denied. It is the determination of this court that' the language which the respondents’ attorney found to be offensive be removed from the petitioner’s papers. Therefore, the revised papers submitted by the petitioner’s attorneys are received and shall replace the prior papers in the record.