OPINION OF THE COURT
Simons, J.
Section 485-b (1) of the Real Property Tax Law grants exemption to real property "constructed, altered, installed or improved * * * for the purpose of commercial, business or industrial activity”. The statute authorizes a partial exemption for 10 years. In the first year the exemption equals 50% of the increased assessed value attributable to the improvements and it is reduced 5% per year thereafter until the property becomes fully taxable (Real Property Tax Law § 485-b [2] [a]). The purpose of the statute is to encourage the construction and expansion of commercial and industrial facilities in the State (Newsday, Inc. v Town of Huntington, 82 AD2d 245, 246, affd 55 NY2d 272). In 1985 the Legislature, in an effort to minimize the loss of local tax revenues while still preserving the inducement for investment, amended the section by adding a provision prohibiting multiple exemptions for the same improvements (Real Property Tax Law § 485-b [2] [d]).
This article 78 proceeding seeks to annul the 1987 decision of respondent Assessor of the Town of Watertown denying petitioner’s application for the exemption. The assessor denied the application because during construction the property had been tax free while owned by the Jefferson County Industrial Development Agency (JCIDA). The issue is whether the prop *151 erty is entitled to the business investment exemption after enjoying exemption while held by the JCIDA.
In May and August of 1985, petitioner acquired property located in the Town of Watertown, Jefferson County, and started construction on a shopping mall. To obtain favorable financing for the project, petitioner entered into an arrangement with the JCIDA whereby it conveyed the property to JCIDA and leased it back during construction. Industrial development agencies, such as JCIDA, are authorized by article 18-A of the General Municipal Law to help attract new business and stimulate the expansion of existing business (see, General Municipal Law § 852). Because they are public benefit corporations, they enjoy a number of financing advantages and are exempt from many taxes imposed on private parties (General Municipal Law § 874). During the time that petitioner’s property was owned by the JCIDA, it was entitled, among other tax benefits, to a real property tax exemption (see, Real Property Tax Law § 412-a). That statute states that real property owned by industrial development agencies shall be entitled to exemptions as provided in the General Municipal Law. Section 874 of the General Municipal Law specifically grants full exemption from real property taxes to properties owned by industrial development agencies.
Although the property received a real property tax exemption while owned by JCIDA, petitioner received no benefit from it because by the terms of the JCIDA agreement, approved by respondent town by resolution dated June 13, 1985, petitioner made "payments in lieu of taxes” (PILOT payments) equal to the amount of town, county and school district taxes that it would have been obligated to pay on the land if title to the property had not been conveyed to the JCIDA. Thus, when the assessment was increased to $3,000,000 ($1,200,000 for land and $1,800,000 for improvements) on March 1, 1986, the first taxable status date after petitioner’s conveyance to JCIDA, petitioner’s PILOT payments were increased accordingly.
After the mall was completed, in February 1987, JCIDA reconveyed title to petitioner as agreed. Thereafter, in March 1987, respondents set the new tax-assessment for the property at $25,000,000, a $22,000,000 increase attributable solely to the improvements added after the taxable status late in 1986. Petitioner filed its application with respondents for a business investment exemption for this $22,000,000 increase under *152 Real Property Tax Law § 485-b. Respondents denied the application because the property had been exempt from real property taxes when owned by the JCIDA and received other tax benefits as a result of JCIDA financing.[1] Respondents concluded that petitioner was not entitled to receive the exemption authorized by Real Property Tax Law § 485-b because construction was completed while title was in the name of JCIDA and therefore wholly exempt. Petitioner commenced this proceeding to challenge that decision.
Supreme Court granted the petition. It noted that while owned by the JCIDA, the property was eligible for full exemption from any real property taxes, pursuant to Real Property Tax Law § 412-a and section 874 of the General Municipal Law, but that petitioner made PILOT payments in the amounts that would have been due had the property not been entitled to such exemption. The court concluded that inasmuch as petitioner had not "taken advantage” of the exemption available under Real Property Tax Law § 485-b before reacquiring title, it was now entitled to it. The court also noted that the transfer tax, mortgage recording tax and sales tax exemptions previously accorded the subject property while owned by the JCIDA did not foreclose exemption because they were authorized by provisions of the Tax Law, not the Real Property Tax Law (see, Real Property Tax Law § 485-b [2] [d]). The Appellate Division affirmed for the reasons stated at Supreme Court and we granted leave to appeal.
Respondents contend that petitioner may have either the financial benefits of an IDA, including a real property tax exemption, an exemption from sales tax on materials purchased for the mall and an exemption from mortgage recording tax, or it may have the benefit of the 10-year tax exemption pursuant to Real Property Tax Law § 485-b, but it cannot have both. They maintain that by conveying the property to the JCIDA, petitioner has already received the exemption for improvements that took place while the JCIDA held title to the property and it cannot, upon reacquiring title, receive the exemption again contrary to the provisions of Real Property Tax Law § 485-b (2) (d).
*153 Petitioner maintains that there is nothing inconsistent in a developer availing itself of the benefits derived from dealing with an industrial development agency and then seeking a partial tax exemption on the completed construction if respondents have chosen not to "opt out” of the authorized exemption as the statute permits them to do (see, Real Property Tax Law § 485-b [7]).
We agree with petitioner and therefore affirm but we do so for different reasons than those stated by Supreme Court.
Contrary to the conclusion below, while the property was held by the JCIDA it did take advantage of the exemption from real property taxes and was carried as wholly exempt on the town’s tax rolls (see, Baker v Cole-Layer-Trumble Co., 42 AD2d 581, 582). Even though Pyramid made PILOT payments identical to the amount of real property taxes which would have been due had there been no exemption, these were not real property tax payments. Indeed, the agreement was necessary only because the property was exempt. That is not dispositive, however. To be foreclosed from receiving a business investment exemption, the prior exemption must have (1) been authorized by the Real Property Tax Law and (2) covered the same improvements which are the subject of the pending exemption (see, Real Property Tax Law § 485-b [2] [d]). Neither condition was satisfied in this case.
First, the real property tax exemption received when the property was owned by the JCIDA was not authorized by the Real Property Tax Law, but by General Municipal Law § 874.[2] Real Property Tax Law § 412-a states that real property owned by an industrial development agency "enumerated in the general municipal law shall be entitled to such exemption as may be provided therein.” Nothing in it "authorizes” an exemption. It merely refers to an exemption independently "provided” in General Municipal Law § 874 (see, Matter of *154 City of Lackawanna v State Bd. of Equalization & Assessment, 16 NY2d 222, 228 [Real Property Tax Law was merely an attempt to gather together, for the first time, all provisions of Tax, Education and Village Laws relating to taxation of real property]). Unless the property was exempt from real property taxes under the General Municipal Law, it was not exempt at all.
Second, exemption is not foreclosed because the prior real property tax exemption authorized for JCIDA did not cover the same improvements that are the subject of the pending application by petitioner for a business investment exemption. While the JCIDA held title to the property in 1986, the assessment was $3,000,000, representing the value of the land and construction completed on the taxable status date. The mall was substantially completed in December of 1986 and petitioner obtained title to the property in February 1987. In March 1987, the property was reassessed and a value of $25,000,000 placed on it. Thus, the application for a business investment exemption on the $22,000,000 valuation increase was for improvements that had not been assessed previously and had never received an exemption. The clear intent of the limitation in section 485-b (2) (d) was to prevent a property owner from escaping real property tax liability for the same improvement by either combining two partial exemptions to increase the exemption to 100% or by using the exemptions sequentially to extend the time frame from 10 years to 20 years. In this case petitioner did not receive more than one tax exemption on the same improvement and neither the language of the statute nor the legislative intent is violated.
In sum, petitioner seeks no more than the Legislature has authorized. Respondents had not "opted out” of the section 485-b exemption and petitioner relied on it as an inducement in developing its mall (see, Real Property Tax Law § 485-b [7]). As a result of the construction and the $25,000,000 full assessment, the municipalities’ tax base will increase from $3,000,000 to $14,000,000 ($3,000,000 + 50% of $22,000,000) even if petitioner receives the section 485-b exemption. Over 10 years the exemption will decrease and the assessed value of property on respondents’ tax rolls will increase by $22,000,000 not previously listed. Far from losing anything, respondents will gain substantial new revenues from the development.
*155 Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.

. These other statutory exemptions available to it under the Tax Law as purchaser of the property included a transfer tax exemption (Tax Law § 1400 et seq.), a mortgage recording tax exemption (Tax Law § 258) and sales tax exemption (Tax Law § 1101 et seq.). Respondents originally contended these payments also barred petitioner’s application but no longer rely on that argument.

. General Municipal Law §874 provides: "(1) It is hereby determined that the creation of the [industrial development] agency and the carrying out of its corporate purposes is in all respects for the benefit of the people of the state of New York and is a public purpose, and the agency shall be regarded as performing a governmental function in the exercise of the powers conferred upon it by this title and shall be required to pay no taxes or assessments upon any of the property acquired by it or under its jurisdiction or control or supervision or upon its activities.”