■ In the Matter of BLACK RIVER LIMITED PARTNERSHIP, Respondent, v ROMEO F. ASTAFAN, as Assessor of the Town of Le Ray, et al., Appellants.—Order unanimously affirmed without costs. Memorandum: Supreme Court correctly determined that, on the facts of this case, petitioner commenced "construction * * * or improvement of real property" (RPTL 485-b [2] [b] [1]) before the Town of Le Ray adopted a local law

eliminating the tax exemption provided by RPTL 485-b. Before the local law was enacted, petitioner performed substantial site preparation work, including soil testing, the marking of site boundaries and grades, the removal of numerous tree stumps, the stockpiling of fill material, the use of fill to repair and level various natural sinkholes, and the construction of a dirt roadway onto the site. In addition to multi-million dollar financial undertakings and the letting of construction contracts, that physical construction activity committed petitioner to completion of a continuous course of construction of its co-generation facility and constituted the commencement of "construction * * * or improvement" of real property under RPTL 485-b *(cf.,* 1978 Atty Gen [Inf Opns] 262, 263). In reaching this conclusion, we reject respondent's contention that "construction" does not commence until there is some introduction of concrete or steel into the soil. That contention is based upon decisional law analyzing the Administrative Code of the City of New York, which required that a "building" be in the "course of construction" *(see, e.g., Matter of Sutton-53rd Corp. v Tax Commn.,* 7 NY2d 416, *rearg denied* 8 NY2d 785). RPTL 485-b is not limited in application to the construction of buildings; it applies to the construction or improvement of "real property", which includes unimproved land *(see,* RPTL 102 [12]). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Boomer, J. P., Green, Balio, Boehm and Fallon, JJ.