■ In the Matter of PARKWAY ASSOCIATES, Appellant, v BOARD OF ASSESSORS et al., Respondents. [608 NYS2d 529] —In a proceeding pursuant to Real Property Tax Law article 7, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Stark, J.), entered October 1, 1991, which denied the petitioner's motion for partial summary judgment on the issue of the business investment

exemption, pursuant to RPTL 485-b, on the school district portion of its 1990/91 real property tax bill, and which granted the respondents partial summary judgment on that issue.

Ordered that the judgment is affirmed, with costs.

RPTL 485-b (7), in pertinent part, provides: "[A] school district * * * may, by resolution, reduce the per centum of exemption otherwise allowed pursuant to this section; provided, however, that a project in course of construction * * * prior in time to passage of any such * * * resolution shall not be subject to any such reduction so effected."

In the present case, the project was not in the course of construction prior to the effective date of the resolution. The Board of Education of the Hauppauge Union Free School District passed its opt-out resolution on June 24, 1986, to take effect on January 1, 1987. The date specified by the petitioner on its exemption application as the date of commencement of "construction, alteration, installation or improvement" is March 1987, two months after the January 1, 1987, effective date of the resolution. Therefore, *Matter of Black Riv. Ltd. Partnership v Astafan* (185 AD2d 687), which is relied upon by petitioner, is factually inapposite and not controlling. Accordingly, the Supreme Court correctly found that the petitioner was not wrongfully denied the business investment exemption, pursuant to RPTL 485-b, on the school district portion of the petitioner's 1990/91 real property tax bill. Balletta, J. P., O'Brien, Ritter and Florio, JJ., concur.