■ In the Matter of H & A REALTY Co., Respondent, v TOWN OF ISLIP et al., Appellants. [618 NYS2d 835] —In a proceeding pursuant to CPLR article 78 to compel the Assessor of the Town of Islip to grant the petitioner a tax exemption pursuant to RPTL 485-b, the appeal is from a judgment of the Supreme Court, Suffolk County (Seidell, J.), dated November 22, 1992, which, *inter alia,* granted the petitioner a tax exemption pursuant to RPTL 485-b.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of certain real property in Suffolk County and a building thereon (hereinafter the premises). The petitioner claimed tax exemptions pursuant to RPTL 485-b due to the industrial nature of the premises. However, certain of these exemptions were denied by the appellants based on the fact that both the Town of Islip and the local school board had "opted out" of the exemptions granted by RPTL 485-b, as permitted pursuant to RPTL 485-b (7). The petitioner argued that these "opt-outs" were ineffective as against it because the premises were "in the course of construction" when such actions were taken. Therefore, the premises were "grandfathered" into the provisions of RPTL 485-b pursuant to RPTL 485-b (7). The Supreme Court agreed.

Contrary to the appellants' assertions on appeal, the Supreme Court did not err when it considered evidence not before the Town Assessor *(see, Matter of Grossman v Rankin,* 43 NY2d 493, 503; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:3, at 30; *cf., Matter of Watchtower Bible & Tract Socy. v Lewisohn,* 35 NY2d 92; *Matter of Gramercy N. Assocs. v Biderman,* 169 AD2d 345; *Matter of Chasco Co. v Musiello,* 153 AD2d 681). Thus, as no competent evidence contradicts the nonhearsay affidavit submitted by the petitioner revealing that the concrete foundation to the premises had been poured before the date of the "opt-out" by either the Town of Islip or the local school board, the Supreme Court did not err when it held that the premises were "in the course of construction" on the relevant date and unaffected for purposes of RPTL 485-b by these latter "opt-outs". Further, because the pouring of the foundation constituted introduction of "materials foreign to the soil" *(see, Matter of Sutton-53rd Corp. v Tax Commn.,* 7 NY2d 416; *Matter of Gramercy N. Assocs. v Biderman,* 169 AD2d 345, *supra),* we do not reach the issue of whether this Court will adopt the standard enunciated in *Black Riv. Ltd.*

*Partnership v Astafan* (185 AD2d 687). Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.