In the Matter of EUGENE L. DeNICOLA, Appellant, v FRANK DIAMANTE, as Assessor of the Town of Islip, Respondent. [622 NYS2d 789] —In a proceeding pursuant to CPLR article 78 to compel the Assessor of the Town of Islip to grant the petitioner a tax exemption pursuant to RPTL 485-b, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Werner, J.),

dated July 14, 1993, as, upon reargument, adhered to its prior determination dismissing the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

RPTL 485-b (1) provides, in relevant part, an exemption from town and school district taxes for real property which has been "constructed, altered * * * or improved * * * for the purpose of commercial, business or industrial activity". However, under RPTL 485-b (7), a town or school district may "opt out" of RPTL 485-b (1) by reducing or eliminating the exemption, provided that the opting out will not apply to "a project in course of construction * * * prior in time to passage of any such" opting out. In this case, the Town of Islip opted out of the exemption program, effective January 1, 1987, and the Sayville School District likewise opted out, effective June 1, 1987.

The petitioner contends that he was entitled to the exemption provided by RPTL 485-b because his project, an office building located in Sayville, was in the course of construction as of the opt-out dates. We disagree. According to the petition, the petitioner's activity with respect to the project consisted mainly of the drawing of a site plan, conducting soil boring tests, applying for county health department approval, and applying for the necessary variances. While such activities necessarily involve a certain amount of time, effort, and expense, they fall short of the traditional standard used for determining the commencement of construction *(see, Matter of Parkway Assocs. v Board of Assessors,* 202 AD2d 431; *Matter of Gramercy N. Assocs. v Biderman,* 169 AD2d 345).

Moreover, the petitioner's reliance on the case of *Matter of Black Riv. Ltd. Partnership v Astafan* (185 AD2d 687) is misplaced since that case is factually distinguishable from the instant case *(see, Matter of Parkway Assocs. v Board of Assessors, supra; cf., Matter of H & A Realty Co. v Town of Islip,* 209 AD2d 521). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.