■ In the Matter of AMERICAN CYANAMID Co., Respondent-Appellant, v BOARD OF ASSESSORS OF THE TOWN OF ORANGETOWN et al., Respondents, and NANUET UNION FREE SCHOOL DISTRICT, Intervenor-Appellant-Respondent. [626 NYS2d 214] —In a proceeding pursuant to Real Property Tax Law article 7, the intervenor appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Palella, J.), dated June 10, 1993, as granted the petitioner's motion for partial summary judgment pursuant to RPTL 485-b (7) declaring that certain buildings were under construction, and the petitioner cross-appeals, as limited by its brief, from so much of the same order and judgment as denied, without prejudice, those branches of its motion which were to compel the Assessor of the Town of Orangetown to (1) grant the proper tax exemptions pursuant to RPTL 485-b on the State, county, town, school, and special district portions of its tax bills for the years 1991-1992, (2) correct the assessment rolls for the tax years 1991-1992 and all applicable years thereafter, and (3) refund any and all excess real property taxes paid by the petitioner for the tax years 1991-1992 with statutory interest.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, the branches of the petitioner's motion which are to (1) grant proper tax exemptions for the tax years 1991-1992, (2) correct the assessment rolls for the tax years 1991-1992, and (3) refund excess real property taxes paid for the tax years 1991-1992, are granted, and the matter is remitted to the

Supreme Court, Rockland County, for an evidentiary hearing to determine the increase in assessed value assigned by the assessor as attributable to the construction of buildings 200, 205, and 211 on the petitioner's property; and it is further,

Ordered that the respondent-appellant is awarded one bill of costs.

RPTL 485-b provides that certain construction projects "shall be exempt from taxation, special ad valorem levies and service charges to the extent provided" on a sliding scale over a period of ten years (RPTL 485-b [1], [2]). The statute, in pertinent part, further provides: "Such exemption shall be granted only upon application * * * on a form prescribed by the state board * * * filed with the assessor * * * on or before the appropriate taxable status date * * * and within one year from the date of completion of such construction" (RPTL 485-b [3]) and "A * * * town * * * and a school district * * * may, by resolution, reduce the per centum of exemption otherwise allowed pursuant to this section; provided, however, that a project in course of construction * * * prior in time to passage of any such * * * resolution shall not be subject to any such reduction so effected" (RPTL 485-b [7]).

The statute also provides that "no such exemption shall be granted unless", inter alia, "such construction * * * is completed as may be evidenced by a certificate of occupancy or other appropriate document[s] as provided by the owner" (RPTL 485-b [2] [b] [3]). There is unrefuted evidence in the record that prior to the date on which the Nanuet Union Free School District (hereinafter the School District) adopted a resolution eliminating the tax exemptions under RPTL 485-b, the petitioner had commenced construction on the three buildings in question, thereby establishing a "project in course of construction" in accordance with RPTL 485-b (7) (see, Matter of Black Riv. Ltd. Partnership v Astafan, 185 AD2d 687; cf., Matter of Parkway Assocs. v Board of Assessors, 202 AD2d 431, 432). Moreover, contrary to the School District's assertions, the petitioner's exemption applications all contain certificates of occupancy showing that the buildings were completed within one year of the exemption applications, thereby complying with the requirement of RPTL 485-b (2) (b) (3) (see, Matter of Pyramid Co. v Tibbets, 139 Misc 2d 132, 135, affd 152 AD2d 938, affd 76 NY2d 148). We find, therefore, that the Supreme Court correctly concluded that the petitioner was entitled to the full benefit of the RPTL 485-b exemption for the tax years 1991-1992.

Based on that conclusion, we find that the trial court should

have granted those branches of the petitioner's motion directing the Assessor of the Town of Orangetown (hereinafter the Assessor) to calculate the exemption, to correct the taxable assessment, and to refund the excess taxes paid for 1991-1992. Because the record demonstrates the petitioner's compliance with the criteria of RPTL 485-b, and since the exemption is computed on the basis of the increase in assessed value attributable to new construction (RPTL 485-b [2] [a]), the Assessor need look no further than his or her own records to compute the exemption. Implementation of the exemption requires a mere mathematical calculation that, in most instances, can be made without a valuation trial or discovery *(see, e.g., Matter of Pyramid Co. v Tibbets,* 76 NY2d 148, 154, *supra).* Thus, all that is necessary to implement the exemptions is an evidentiary hearing to determine the increase in assessed value assigned by the Assessor as attributable to the construction of the buildings in question. Thompson, J. P., Santucci, Altman and Florio, JJ., concur.