■ In the Matter of POP Displays USA, LLC, Appellant, v City of Yonkers et al., Respondents. [895 NYS2d 138]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel Mark B. Russell, City of Yonkers Assessor, to issue a statement that a certain condominium unit on certain real property within the City of Yonkers was tax exempt for the period of time from September 1, 2004, through October 5, 2007, to determine two real property tax refund applications dated September 17, 2007, and to determine three real property tax refund applications dated October 4, 2007, submitted by the petitioner/plaintiff pursuant to RPTL 556 with respect to the subject condominium unit for the period of time from September 1, 2004, through October 5, 2007, and action, among other things, for declaratory relief, the petitioner/plaintiff appeals from so much of a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered July 2, 2008, as denied that branch of the petition which was to compel Mark B. Russell, City of Yonkers Assessor, to issue a statement that the condominium was tax exempt for the period of time from September 1, 2004, through October 5, 2007, to determine the two real property tax refund applications dated September 17, 2007, and to determine the three real property tax refund applications dated October 4, 2007, and dismissed that portion of the proceeding.

Ordered that the judgment is affirmed insofar as appealed

from, with costs to the respondents City of Yonkers and Mark B. Russell, City of Yonkers Assessor.

"[A]rticle 78 relief in the form of mandamus to compel may be granted only where a petitioner establishes a clear legal right to the relief requested" (*Matter of Council of City of N.Y. v Bloomberg*, 6 NY3d 380, 388 [2006] [citation and internal quotation marks omitted]). Although we agree with the appellant that when conflicts exist between provisions of the General Municipal Law and provisions of other statutes, the General Municipal Law controls (*see* General Municipal Law § 888), we conclude that, contrary to the appellant's contention, no conflict actually exists between General Municipal Law § 874 and RPTL 412-a. General Municipal Law § 874 (1) provides that public agencies are not required to pay taxes upon real properties they control (*see Matter of Pyramid Co. of Watertown v Tibbets*, 76 NY2d 148, 151 [1990]). RPTL 412-a (2) provides for the mechanism that public agencies must follow to obtain their tax exemptions. Here, the appellant's straight-lessee (*see* General Municipal Law § 854 [15]), the Yonkers Industrial Development Agency, never applied for tax exempt status for the subject property, as required by RPTL 412-a (2). Accordingly, the appellant failed to establish that it had a clear legal right to compel Mark B. Russell, City of Yonkers Assessor, to issue a statement that the condominium unit in controversy was tax exempt or, more specifically, a statement substantiating that he had obtained proof that the condominium unit should have been granted tax exempt status (*see* RPTL 556 [2] [c]; *Matter of Council of the City of N.Y. v Bloomberg*, 6 NY3d at 388).

The appellant's remaining contentions are either without merit or not properly before this Court (*see Pugliese v Mondello*, 67 AD3d 880 [2009]). Dillon, J.P., Covello, Miller and Chambers, JJ., concur.