In the Matter of REGENERON PHARMACEUTICALS, INC., Respondent, v SUSAN MCCARTHY, as Assessor of the Town of East Greenbush, et al., Appellants, et al., Respondents. [910 NYS2d 196]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Lynch, J.), entered January 5, 2010 in Rensselaer County, which, among other things, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Assessor of the Town of East Greenbush classifying certain real property as taxable.

Petitioner owns and operates a pharmaceutical manufacturing facility in the Town of East Greenbush, Rensselaer County. In 2003, petitioner and respondent Rensselaer County Industrial Development Agency (hereinafter RCIDA) entered into three agreements for the purpose of providing financial assistance to petitioner in connection with its proposed expansion of its existing facility (see General Municipal Law § 854 [14]; § 874 [1]; RPTL 412-a [1]). Specifically, petitioner agreed to grant RCIDA a leasehold interest in its property; RCIDA then subleased the property back to petitioner with restrictions on the use of the property; and the parties entered into a payment in lieu of tax (hereinafter PILOT) agreement pursuant to which the property would be granted tax exempt status, but petitioner would make annual PILOT payments to the various taxing entities having jurisdiction over the property. As relevant here, the PILOT agreement was to be effective until December 31, 2013, and provided that payments to taxing entities would be calculated based upon an "assessed value" of $4.5 million multiplied by the applicable tax rate.

Thereafter, petitioner filed an application for a real property tax exemption (see RPTL 412-a [2]) and made PILOT payments

to respondent Town of East Greenbush based upon the assessed value set forth in the PILOT agreement. In July 2008, however, respondent Assessor of the Town of East Greenbush reassessed all real property located in the Town, including the subject property, which was reassessed at $20 million and treated as only partially tax exempt. Petitioner then commenced this proceeding challenging the new assessment, and seeking an order directing respondents to restore the exemption and comply with the PILOT agreement. Following joinder of issue, Supreme Court granted petitioner's application, annulled the new assessment of petitioner's property on the 2008 and 2009 tax rolls, and directed the Assessor to restore petitioner's exemption in accord with the PILOT agreement. The Town Assessor, respondent Town of East Greenbush Board of Assessment Review and respondent Town of East Greenbush (hereinafter collectively referred to as the Town) now appeal.

General Municipal Law § 874 (1) provides that an industrial development agency "shall be regarded as performing a governmental function in the exercise of the powers conferred upon it by this title and shall be required to pay no taxes or assessments upon any of the property acquired by it or *under its jurisdiction or control or supervision* or upon its activities" (emphasis added). Similarly, RPTL 412-a (1) states that "[r]eal property owned by or *under the jurisdiction, supervision or control of industrial development agencies* enumerated in the [G]eneral [M]unicipal [L]aw shall be entitled to such exemption as may be provided therein" (emphasis added). It is well settled that although "the statute[s] explicitly confer[ ] this exemption only on the industrial development agency, private developers who act as the agency's agent for project purposes may also enjoy this tax benefit" (*Matter of Fagliarone, Grimaldi & Assoc. v Tax Appeals Trib.*, 167 AD2d 767, 768 [1990]). Furthermore, it must be noted that General Municipal Law § 888 provides that "[i]nsofar as the provisions of this title are inconsistent with the provisions of any other act . . . or of any local laws of [a] municipality, the provisions of this title shall be controlling."

The parties are in agreement that entitlement to the exemption herein turns upon whether the property at issue is under the jurisdiction, supervision or control of RCIDA (*see* General Municipal Law § 874 [1]; RPTL 412-a [1]). The Town concedes that a conveyance of property to an industrial development agency, followed by a subsequent leaseback of property, creates the necessary jurisdiction, supervision or control required to demonstrate entitlement to the exemption (*see Matter of Pyramid Co. of Watertown v Tibbets*, 76 NY2d 148, 151 [1990]; *see*

*also* 9 Ops Counsel SBEA No. 17 [1987] [concluding that land leased to an industrial development agency is also entitled to the exemption]). The Town argues, however, that the lease and leaseback transaction here do not result in any change in jurisdiction, supervision or control over the property because, the Town maintains, RCIDA has taken no responsibility or authority over petitioner or its property. We disagree.

It is undisputed that the entire property has been demised and leased to RCIDA. In contrast, the sublease back to petitioner imposes various conditions and limitations on petitioner and its use of the property. Petitioner is obligated, for example, to proceed as RCIDA's agent in the proposed expansion of the facilities with "due diligence" and according to the plans to which RCIDA agreed. In addition, petitioner is prohibited from using the facility as anything other than a pharmaceutical manufacturing plant or altering its business structure without RCIDA's consent. Further, petitioner is required to maintain the facility in good condition and repair and to allow RCIDA to inspect the property.

Given these limitations, along with authority establishing that land leased both to and by an industrial development agency is under the agency's jurisdiction, supervision, or control (*see Matter of Pyramid Co. of Watertown v Tibbets*, 76 NY2d at 151; 9 Ops Counsel SBEA No. 17 [1987]), Supreme Court properly concluded both that the property is entitled to the exemption and that petitioner is entitled to make PILOT payments pursuant to its agreement with RCIDA.* We have considered the Town's remaining arguments and conclude that they do not require a different result.

Rose, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs. **[Prior Case History: 26 Misc 3d 1203(A), 2009 NY Slip Op 52638(U).]**

---

* We note that while the 2008 reassessment reduced the tax rate in the Town of East Greenbush from $81 to $21 per $1,000 of assessed property value—resulting in a substantially lower PILOT owed by petitioner on its property assessment of $4.5 million—the Town of East Greenbush and its Assessor were given the required notice and opportunity to participate in the process that resulted in the formula for calculation of the PILOT payments set forth in the agreement (*see Matter of Steel Los III/Goya Foods, Inc. v Board of Assessors of County of Nassau*, 10 NY3d 445, 455-456 [2008]). Nevertheless, the Town of East Greenbush chose not to participate and, after petitioner filed its application for a real property tax exemption, accepted petitioner's PILOT payments from 2003 until the reassessment in 2008 (*see generally Troy Towers Redevelopment Co. v City of Troy*, 51 AD2d 173, 175-176 [1976], *affd for reasons stated below* 41 NY2d 816 [1977]).