■ In the Matter of Donald Rozz, Appellant, v Nassau County Department of Assessment et al., Respondents. [946 NYS2d 619]—

In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel the respondents to comply with Real Property Tax Law § 556 and the Freedom of Information Law (Public Officers Law art 6), and an action for declaratory relief, the petitioner/plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Sher, J.), entered June 21, 2010, as denied the petition pursuant to CPLR article 78 and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The appellant owns real property in Nassau County which, prior to the instant dispute, was classified by the respondent/defendant Nassau County Department of Assessment (hereinafter the DOA) as a class one, single-family home. After various inspections, the DOA determined that the premises had been converted to allow for multiple single room occupancies, and reclassified the property as class four. The reclassification led to an assessment of additional property taxes for the tax year 2006/2007, which the appellant allegedly paid under protest.

On January 8, 2010, the appellant filed an Application for Refund and Credit of Real Property Taxes, pursuant to Real Property Tax Law § 556, seeking a refund of the alleged overpayment for the 2006/2007 tax year. In his application, the appellant alleged, among other things, that his property had been erroneously reclassified due to an inspection conducted by a Nassau County police officer who was not an official appraiser, and thereafter the DOA and Receiver of Taxes for the Town of Hempstead (hereinafter together the respondents) failed to correct the erroneous reclassification. On February 2, 2010, the DOA informed the appellant that "a refund is not warranted in this instance as it does not appear that an error was made," and, in any event, the appellant had failed to follow the proper procedure for challenging the classification of his property.

The appellant commenced this hybrid proceeding pursuant to CPLR article 78 and declaratory judgment action, alleging that the respondents failed to comply with the procedures set forth in Real Property Tax Law § 556 regarding the filing and investigation of his application for a refund and failed to comply with his requests for certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]). With respect to the CPLR article 78 petition, the

appellant sought relief in the nature of mandamus compelling the respondents to comply with their obligations under RPTL 556 and FOIL. The Supreme Court denied the relief sought and dismissed the petition/complaint. The appellant appeals from so much of the judgment as denied the petition and dismissed the proceeding pursuant to CPLR article 78, and we affirm the judgment insofar as appealed from.

"[CPLR] article 78 relief in the form of mandamus to compel may be granted only where a petitioner establishes a clear legal right to the relief requested" (*Matter of Council of City of N.Y. v Bloomberg*, 6 NY3d 380, 388 [2006] [internal quotation marks omitted]; *see Matter of POP Displays USA, LLC v City of Yonkers*, 70 AD3d 702, 703 [2010]). Contrary to the appellant's contention, the errors alleged in his application for a refund do not fall within the definition of an " '[e]rror in essential fact' " (RPTL 550 [3]) or an " '[u]nlawful entry' " on the assessment roll or tax roll (RPTL 550 [7]), which may be administratively corrected pursuant to the limited "correction-of-errors" procedure of RPTL article 5 (*Matter of Level 3 Communications, LLC v DeBellis*, 72 AD3d 164, 176 [2010]; *see* RPTL 553, 554, 556 [1] [a]). Therefore, the appellant failed to establish a clear legal right to relief under RPTL 556, and mandamus was properly denied (*see Matter of POP Displays USA, LLC v City of Yonkers*, 70 AD3d at 703). To the extent that the appellant's petition can be deemed a challenge to an alleged excessive or unlawful real property tax assessment for the 2006/2007 tax year, the correction-of-errors procedure of RPTL article 5 is not applicable; "[s]uch challenges could only have been properly interposed via RPTL article 7, after exhaustion of the administrative grievance remedies" (*Matter of Level 3 Communications, LLC v DeBellis*, 72 AD3d at 176-177).

The appellant's contentions that the respondents failed to comply with FOIL in the processing of his various requests for documents are unsupported by the record (*see Matter of Newman v Dinallo*, 69 AD3d 636, 637 [2010]). Accordingly, the appellant failed to establish a clear legal right to relief under FOIL. Dillon, J.P., Angiolillo, Belen and Cohen, JJ., concur.