Matter of Finger Lakes Ry. Corp. v City of Canandaigua (2021 NY Slip Op 03676)





Matter of Finger Lakes Ry. Corp. v City of Canandaigua


2021 NY Slip Op 03676


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


38 CA 19-01721

[*1]IN THE MATTER OF FINGER LAKES RAILWAY CORP., PETITIONER-PLAINTIFF-APPELLANT,
v
CITY OF CANANDAIGUA, ASSESSOR FOR CITY OF CANANDAIGUA, BOARD OF ASSESSMENT REVIEW FOR CITY OF CANANDAIGUA, TOWN OF CANANDAIGUA, ASSESSOR FOR TOWN OF CANANDAIGUA, BOARD OF ASSESSMENT REVIEW FOR TOWN OF CANANDAIGUA, TOWN OF GENEVA, ASSESSOR FOR TOWN OF GENEVA, BOARD OF ASSESSMENT REVIEW FOR TOWN OF GENEVA, TOWN OF HOPEWELL, ASSESSOR FOR TOWN OF HOPEWELL, BOARD OF ASSESSMENT REVIEW FOR TOWN OF HOPEWELL, TOWN OF MANCHESTER, ASSESSOR FOR TOWN OF MANCHESTER, BOARD OF ASSESSMENT REVIEW FOR TOWN OF MANCHESTER, TOWN OF PHELPS, ASSESSOR FOR TOWN OF PHELPS, BOARD OF ASSESSMENT REVIEW FOR TOWN OF PHELPS, VILLAGE OF PHELPS, VILLAGE OF SHORTSVILLE, VILLAGE OF CLIFTON SPRINGS, CANANDAIGUA CITY SCHOOL DISTRICT, GENEVA CITY SCHOOL DISTRICT, MANCHESTER-SHORTSVILLE CENTRAL SCHOOL DISTRICT, PHELPS-CLIFTON SPRINGS CENTRAL SCHOOL DISTRICT, AND COUNTY OF ONTARIO, RESPONDENTS-DEFENDANTS-RESPONDENTS. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT.
BOYLAN CODE LLP, ROCHESTER (J. MICHAEL WOOD OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS CITY OF CANANDAIGUA, ASSESSOR FOR CITY OF CANANDAIGUA, AND BOARD OF ASSESSMENT REVIEW FOR CITY OF CANANDAIGUA.
CHALIFOUX LAW, P.C., PITTSFORD (SHEILA M. CHALIFOUX OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS TOWN OF CANANDAIGUA, ASSESSOR FOR TOWN OF CANANDAIGUA, BOARD OF ASSESSMENT REVIEW FOR TOWN OF CANANDAIGUA, TOWN OF GENEVA, ASSESSOR FOR TOWN OF GENEVA, BOARD OF ASSESSMENT REVIEW FOR TOWN OF GENEVA, TOWN OF HOPEWELL, ASSESSOR FOR TOWN OF HOPEWELL, BOARD OF ASSESSMENT REVIEW FOR TOWN OF HOPEWELL, TOWN OF MANCHESTER, ASSESSOR FOR TOWN OF MANCHESTER, BOARD OF ASSESSMENT REVIEW FOR TOWN OF MANCHESTER, TOWN OF PHELPS, ASSESSOR FOR TOWN OF PHELPS, BOARD OF ASSESSMENT REVIEW FOR TOWN OF PHELPS, VILLAGE OF PHELPS, VILLAGE OF SHORTSVILLE, VILLAGE OF CLIFTON SPRINGS AND COUNTY OF ONTARIO.
FERRARA FIORENZA PC, EAST SYRACUSE (KATHERINE E. GAVETT OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS CANANDAIGUA CITY SCHOOL DISTRICT, GENEVA CITY SCHOOL DISTRICT, MANCHESTER-SHORTSVILLE CENTRAL SCHOOL DISTRICT, AND PHELPS-CLIFTON SPRINGS CENTRAL SCHOOL DISTRICT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Ontario County (Daniel J. Doyle, J.), entered August 20, 2019 in a proceeding pursuant to, inter alia, CPLR article 78. The order and judgment granted the motions of respondents-defendants to dismiss the amended petition and complaint and dismissed the amended petition and complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to, inter alia, CPLR article 78, petitioner-plaintiff (petitioner) appeals from an order and judgment that granted respondents-defendants' motions pursuant to, inter alia, CPLR 3211 (a) (7) seeking dismissal of the amended petition and complaint challenging the removal of certain tax exemptions from its properties. We affirm. Contrary to petitioner's contention, there is no conflict between General Municipal Law § 874 and RPTL 412-a (see Matter of POP Displays USA, LLC v City of Yonkers, 70 AD3d 702, 703 [2d Dept 2010]). General Municipal Law § 874 "provides that public agencies are not required to pay taxes upon real properties they control" (id.; see Matter of Pyramid Co. of Watertown v Tibbets, 76 NY2d 148, 151 [1990]), whereas RPTL 412-a "provides for the mechanism that public agencies must follow to obtain their tax exemptions" (POP Displays USA, LLC, 70 AD3d at 703). Here, the application for tax exempt status was not timely submitted in accordance with the requirements of RPTL 412-a (2) (see id.).
Petitioner further contends that it was not required to submit an exemption application for the tax year in question because an application had been submitted for a prior tax year and there had been no changes to the applicable payment-in-lieu-of-taxes (PILOT) agreement since the submission of the prior application. We reject that contention. Although petitioner is correct that "[n]o application shall be required in subsequent years unless the terms of the agreement are modified or changed" (RPTL 412-a [2]), the same subdivision requires every exemption application to "include an extract of the terms of any agreement relating to the project" (id. [emphasis added]), not only the PILOT agreement. Thus, we conclude that the plain language of the statute requires the filing of a new exemption application where, as here, there is a change in ownership status of property (see generally Kimmel v State of New York, 29 NY3d 386, 392 [2017]).
We have reviewed petitioner's remaining contentions and conclude
that none warrants reversal or modification of the order and judgment.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court