OPINION OF THE COURT
John R. LaCava, J.
Application by intervenor Nanuet Union Free School District and respondent Town of Orangetown for an order dismissing the petitions for lack of service on the Superintendent of Schools for Nanuet, and the cross motion by petitioner Wyeth Holdings Corporation seeking that such service be deemed proper nunc pro tunc pursuant to RPTL 708 (3), or for permission to recommence the proceedings, without prejudice, pursuant to CPLR 205 (a).
Background and Arguments of the Parties
In this tax certiorari matter, challenging assessments for tax years 2007 and 2008 for the subject premises, intervenor seeks an order dismissing the petitions for failure of petitioner to timely serve the said petitions on the Nanuet Superintendent of Schools, as required by RPTL 708 (3). A pharmaceutical manufacturing plant, along with excess land, is situated on the subject property. The premises consists of 10 separate tax parcels according to the tax bill and are known as and located at the following addresses:
*1004 Tax Map Number Address 68.07- 3-16 68.07- 3-17 68.08- 1-1 68.12-1-2 68.07- 2-39 68.12-1-14 63.20- 1-3 68.08- 1-3 63.20- 1-2 68.08- 1-2 401 North Middletown Road 401 North Middletown Road 401 North Middletown Road 401 North Middletown Road 401 North Middletown Road 29 West Crooked Hill Road 403 North Middletown Road 131 East Crooked Hill Road 405 North Middletown Road 131 East Crooked Hill Road
However, as set forth in further detail below, petitioner asserts that the complex all appears as a single mailing address, 401 North Middletown Road.
There are four school districts which serve the Town of Orangetown: (1) Pearl River School District; (2) South Orange-town Central School District; (3) Nyack School District; and (4) Nanuet Union Free School District. Although the subject property is located within the Hamlet of Pearl River, 5 of the 10 parcels comprising the subject property are, in fact, located within the Nanuet Union Free School District with the remaining five situated in the Pearl River School District.
Petitioner, the owner of this multi-parcel industrial complex, commenced the instant action in 2007 to challenge the assessments on the parcels, and also brought similar claims for the 2008 tax year by timely serving copies of the petitions only on the Pearl River Superintendent. Intervenor Nanuet, upon a review of the files of the Office of the Rockland County Clerk in this matter in early 2009, noted affidavits of service for the tas: years at issue here solely upon the Pearl River School District (Pearl River, which district is concededly not at this stage either a party or intervenor to this action). They assert that service should also have been made on Nanuet as the school district serving several of the parcels at issue herein. Upon learning of the improper service, Nanuet moved to dismiss. When the instant motion was served upon them, petitioners immediately noticed, by mail and personal delivery, Nanuet with the petitions as well. Nanuet thus argues that notice in 2007 and 2008, while properly made on Pearl River for those parcels that are indeed served by that district, is nevertheless defective because *1005 it should also have been made on the school district covering the remainder of the parcels, Nanuet.
Petitioner goes on, however, to argue also that it made a geographical error here. Properties in the town may be in one (or, as regards this parcel, several) of the school districts serving the town, including among them Pearl River and Nanuet, and, petitioner argues, it inadvertently mailed the petition only to Pearl River, instead of both, after assertedly making a reasoned, good faith effort to properly determine the correct district or districts to serve. In fact, Wyeth’s counsel details a multi-step approach which used district Web sites, maps, and address listings to conclude that Pearl River was the district serving all 10 parcels at issue. Combined with the alleged lack of prejudice noted below, this error, petitioner urges, provides sufficient good cause to excuse the timely but erroneous service.
As indicated, petitioner now concedes the fact that the two school districts together serve the several parcels at issue here. However, Wyeth also asserts that, while it improperly directed the notice only to the Superintendent of the Pearl River School District, rather than serving both Nanuet and Pearl River, Nanuet would suffer no prejudice if petitioner’s late notice (following the instant motion) were deemed proper nunc pro tunc, since no substantive steps have been taken since commencement of the proceedings.
On the matter of prejudice, Nanuet argues that the failure to serve its Superintendent is jurisdictional, and not ministerial, and therefore petitioner’s arguments on prejudice are irrelevant. Nonetheless, should the failure to serve the intervenor be excused, Nanuet asserts that it has indeed been prejudiced in this case. It should be recognized that petitioner is seeking to reduce the 2007 assessment by $308,544,450 and the 2008 assessment by $314,361,850. In all, petitioner is demanding that Nanuet refund a total of $29,754,197 for the two years at issue, approximately one half of the district’s annual budget of $60 million. Nanuet has been deprived of its rights under RPTL 708 (3) and is now subject to a claim which amounts to half of the district’s budget, a sum that it did not have the opportunity to plan for.
The Motion to Dismiss for Improper Service [1] RPTL 708 (3) provides
“one copy of the petition and notice shall be mailed within ten days from the date of service thereof as
*1006 . . . provided to the superintendent of schools of any school district within which any part of the real property on which the assessment to be reviewed is located and, in all instances, to the treasurer of any county in which any part of the real property is located, and to the clerk of a village which has enacted a local law as provided in subdivision three of section fourteen hundred two of this chapter if the assessment to be reviewed is on a parcel located within such village . . . Proof of mailing one copy of the petition and notice to the superintendent of schools, the treasurer of the county and the clerk of the village which has enacted a local law as provided above shall be filed with the court within ten days of the mailing. Failure to comply with the provisions of this section shall result in the dismissal of the petition, unless excused for good cause shown.”
Thus, RPTL 708 (3) clearly requires timely notice of the action to affected school districts, by mailing one copy of the notice of petition and petition to the superintendent of the district or districts encompassing the property; failure to so mail, absent good cause shown, results in dismissal of the petition. Notably, RPTL 708 (3) is a notice statute, not a service statute, since by its terms those entities noticed do not become parties to the action simply by that notice. In Matter of Landesman v Whitton (13 Misc 3d 1216[A], 2006 NY Slip Op 51847[U] [Sup Ct, Dutchess County, Oct. 2, 2006, Dickerson, J.], affd 46 AD3d 827 [2d Dept 2007]), the petitioner had mailed the petition to the Poughkeepsie School District, but not the superintendent of the district directly. Respondents moved to dismiss, and petitioner sought to excuse the improper notice solely by asserting a lack of prejudice. This court dismissed the petitions for failing to follow RPTL 708 (3), and the Second Department affirmed, holding
“[t]he failure to mail the notice of petition and the petition to the Superintendent of Schools of the school district mandates dismissal of the proceedings, and the absence of prejudice cannot be considered good cause to excuse the defect (see Matter of Orchard Hgts., Inc. v Yancy, 15 AD3d 854 [2005]; Matter of Premier Self Stor. of Lancaster v Fusco, 12 AD3d 1135 [2004]).” (46 AD3d at 828.)
Notably, on appeal the only argument made to the Court for the existence of good cause, was the absence of prejudice, which *1007 excuse the Second Department squarely rejected as sufficient cause.
The court in Landesman also cited to errant (i.e., failed) notice cases such as Orchard Hgts., Inc. v Yancy (supra), and Premier Self Stor. v Fusco (supra), which both involved service upon the clerk of the schools, rather than the superintendent. In each case, the trial court dismissed, noting that lack of prejudice was no excuse. On appeal in both, the Court found that mailing to the clerk of the school district, rather than the superintendent, was grounds for dismissal, absent good cause shown; that, in each case, the petitioners failed to demonstrate good cause, except for alleging lack of prejudice; and that, for that lack of good cause to excuse the misnotice, dismissal was therefore proper.
The Second Department also cited in Landesman this court’s decision in Orange & Rockland Utils., Inc. v Assessor of Town of Orangetown (11 Misc 3d 1051[A], 2006 NY Slip Op 50166[U] [Sup Ct, Rockland County 2006]) and Majaars Realty Assoc. v Town of Poughkeepsie (10 Misc 3d 1061[A], 2005 NY Slip Op 52061[U] [Sup Ct, Dutchess County 2005]); in those cases as well, lack of prejudice was the sole “good cause” plead by petitioners, and each simply held that lack of prejudice alone could not excuse improper mail notice.
Here, while arguing to a lack of prejudice, petitioner has also asserted that it sought to properly notice the superintendents of the school districts wherein the property was located, but merely made an excusable earnest, but flawed, geographical error in choosing which of four superintendents serving the town to serve. Petitioner properly points to Matter of Harris Bay Yacht Club, Inc. v Town of Queensbury (46 AD3d 1304 [3d Dept 2007]), where petitioner, like here, erroneously determined which of several districts served the property. The Court there granted leave to petitioner to renotice the district, and denied dismissal, finding good cause, and excusing the prior lack of notice, for exactly the same type of geographical error, as here, in serving the superintendent of the wrong school district after efforts (though unsuccessful) to identify the correct district. Thus, while Landesman, as set forth above, primarily holds that lack of prejudice alone is insufficient to constitute good cause for improper service on the wrong party, Harris Bay (and, in fact, Orchard Hgts. and Premier Self Stor., notably cited with approval in Landesman) hold that a demonstration of good cause coupled with the lack of prejudice could (and in Harris Bay, did) excuse service on the wrong party.
*1008 As in Harris Bay, petitioner Wyeth’s counsel, cognizant of the dictates of RPTL 708 (3), sought to properly serve the superintendent of the school district within which the subject parcel lay. To do so, he went to the district’s Web site, and reviewed maps and address lists, but inadvertently served the superintendent of an adjoining district, which district, in fact, did and does encompass 5 of the 10 parcels at issue here. Respondent, in opposition, seeks to undercut this argument of inadvertent error by asserting that petitioner’s counsel should have known which district to serve in 2007 and 2008. For example, Nanuet argues that counsel consulted the Pearl River map and address lists, but failed to follow the map’s admonition that one should verify that a particular address is indeed in the district. Intervenor also imputes to current counsel, new in the case in 2007, knowledge of dealings by prior counsel with Nanuet over previous property tax assessments for the parcels; details 2006 settlement negotiations at which Nanuet was present that included current counsel; describes a settlement-related site visit that included Nanuet; and notes that a settlement check, representing refunds from prior overassessments, was sent from Nanuet and received by another attorney in current counsel’s employ in late 2007.
What is most striking to the court regarding petitioner’s allegation of a geographical mistake, however, is, first, the unopposed allegation that the mailing address of all of the 10 parcels is 401 North Middletown Road, and, second, and related to it, a review by the court of the tax bills sent to petitioner. Regarding the former, petitioner asserts, without contradiction by respondent or Nanuet, that some of the parcels with the address 401 North Middletown Road are indeed in the Pearl River School District, while some are in Nanuet, which fact helped to cause counsel to choose to notice Pearl River rather than Nanuet.
Regarding the tax bills, notations on petitioner’s exhibit E make clear that two parcels with the 401 North Middletown Road address are in the Pearl River District while three parcels with that address are in the Nanuet District; they also demonstrate that the other North Middletown Road addresses are in Nanuet, while all of the Crooked Hill addresses are in Pearl River. At the very least, this directly contradicts Nanuet’s assertion in reply as to the location of the Pearl River School District relative to 401 North Middletown Road and petitioner’s care in consulting the district map and address list. Nanuet argues that counsel for petitioner cannot have diligently examined the Pearl *1009 River map and list of properties served, since no properties north of Route 304 are in the Nanuet District; this argument is belied by the tax bills, which show that two of the 401 North Middletown Road addresses are actually served by Pearl River, despite being north of Route 304. Such obvious confusion, propagated by inconsistencies between the tax bills sent by respondent to Wyeth, and the maps and lists of properties contained within the school districts herein, substantiates petitioner’s stated good faith and efforts, albeit unavailing, when investigating which district(s) the subject premises were located.
The bills also, however, present a more fundamental problem. It would be expected that any sensible person, taxpayer, or attorney would consult the tax bill to determine the proper school district(s) serving a property. Yet, when one examines the tax bills submitted by petitioner, all of the bills, whether noted as relating to parcels in the Pearl River or Nanuet District, show the same school district code — 392400. And, as if that were not confusing enough, consultation with the New York State Office of Real Property Services as to the identification of school district 392400 demonstrates that said code number not only does not belong to either Pearl River or to Nanuet, but is not even currently in use.
Based on these obviously well-meaning, if ultimately imperfect, steps taken by counsel for petitioner to ensure that the proper school district was noticed, and in exercise of its discretion, the court finds, as did the Harris Bay Court, that that effort constitutes good cause sufficient to excuse the improper service, and to warrant denial of the motion by Nanuet to dismiss.
As to intervenor’s claim of prejudice based upon the severe financial implications of a possible adverse ruling, the court finds no legal precedent for such contention, and rejects same. If, in fact, Wyeth has been overassessed and as a result has overpaid taxes during the years at issue, the burden of repaying what is properly due to petitioner is not the type of prejudice contemplated or supported by prior case law, nor the type of prejudice that would justify dismissal of the instant petitions. This is particularly true when intervenor has enjoyed the benefit of the use of any improper overassessments and overpaid taxes which otherwise should have accrued to petitioner.
*1010 The Motion Seeking Leave to Validate the Notice Nunc Pro
Tunc
Based on the aforesaid cases, wherein it is clear that inadvertently choosing the wrong school district to serve can provide good cause to excuse a failure to serve the proper school district herein (Nanuet), it would likewise be a provident exercise of discretion to grant petitioner’s cross motion to deem the notice to Nanuet proper nunc pro tunc.
The Motion Seeking Leave to Recommence Pursuant to CPLR
205 (a)
In any event, as petitioner makes clear, and as Nanuet and respondent have declined to oppose, petitioner, even upon dismissal, would have leave to recommence the action pursuant to CPLR 205 (a). CPLR 205 (a) provides
“§ 205. Termination of action, (a) New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period. Where a dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation.”
Clearly, had this matter been dismissed by the court on the strength of RPTL 708 (3), such dismissal would not be a “voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits.” In particular, as noted above, notice under RPTL 708 (3) is not intended to and does not constitute service, and/or confer *1011 personal jurisdiction over the school district or districts so noticed. As petitioner properly notes, this court in Bloomingdale’s, Inc. v City Assessor (Sup Ct, Westchester County, Feb. 16, 2001, Rosato, J.), granted leave to petitioner to recommence after an RPTL 708 (3) dismissal. (As noted above, the Second Department subsequently reversed to deny the dismissal, effectively mooting the leave to resubmit pursuant to CPLR 205 [a].) Particularly in the absence of opposition from movant or respondent, the relief sought here, recommencement of the action pursuant to CPLR 205 (a), would have been granted.
It is hereby ordered that the motion by respondent to dismiss for improper notice is denied; and it is further ordered that the cross motion by petitioner to deem the RPTL 708 (3) notice conveying the 2007 and 2008 notices of petition and petitions to Nanuet in or about March of 2009 timely nunc pro tunc is granted, and is in all other respects denied as moot.