OPINION OF THE COURT
John R. LaCava, J.
This is an application by proposed intervenor Croton-Harmon School District (District) for an order granting it leave to intervene and, upon intervention, relieving it from the effect of the stipulation of settlement between respondent Town of Cortlandt and petitioner Michael F.X. Ryan, for lack of service on the District Superintendent, and lack of filing of proof of said service with the court.
In this tax certiorari matter, challenging assessments for tax years 2005 through and including 2007 for the subject premises, respondent Town previously settled by way of a stipulation of settlement with petitioner, for assessment reductions of $2,000 *562 in each of the tax years at issue.[1] In December 2009, and then again in January 2010, petitioner presented the said stipulation to the District, seeking refunds pursuant to its terms. The District now seeks an order relieving it from the effects of the stipulation (as it relates to those same tax years), for failure of petitioner to timely serve the said petitions on the Superintendent of the District, as required by RPTL 708 (3), or to file proof of said service with the court, as also required by the same statute.
The District, upon a review of its file, found that it had not been given notice of the instant action, by petitioner having served notice pursuant to RPTL 708 (3) by service of the petitions for each tax year. Furthermore, the District, upon a review of the file of the Westchester County Clerk, noted also that no affidavits of service for service of the said petitions for each tax year, upon the School District Superintendent, were present in said file. Respondent argues that service in those years was thus not made on the School District, nor was proof of such service properly thereafter filed with the court. Petitioner essentially asserts in opposition that the District has failed to submit evidence in admissible form that service was not made on the District, and fails entirely to address the issue of failure to file proper proof of such service with the court.
The District’s Motion for Intervention
Initially, the District moves as a nonparty to intervene, prior to moving for relief from the mandate of the stipulation. RPTL 712 (2-a) provides:
“After receiving a copy of the petition and notice, any school district, except a school district governed by article fifty-two of the education law, or a school district in a special assessing unit as defined in article eighteen of this chapter which is not a city, or a school district in a county governed by chapter three hundred eleven of the laws of nineteen hundred twenty as amended by chapter one hundred thirty of the laws of nineteen hundred thirty-five, may become a party in the proceeding initiated by petitioner to review its tax assessment, by serving a verified answer upon the petitioner and respondent *563 or by serving a copy of the ‘notice of appearance,’ as described herein, upon the petitioner and respondent at least five days prior to the return date unless the time to serve such answer has been extended by the parties or by the court for good cause shown or unless the school district did not receive the notice at least twenty days prior to the return date, in which case the school district shall have twenty days from the receipt of notice to intervene as a respondent in the proceeding. In the event the school district serves a copy of the ‘notice of appearance’ upon the petitioner and respondent, for purposes of the action, all allegations of the petition shall be deemed denied by the school district.”
Petitioner does not oppose intervention, and does not object to proposed intervenor’s failure to answer {but see RPTL 712 [1] [which interposes a deemed denial for failure to timely answer]), nor did he assert that the District did not move to intervene within 20 days of receipt of notice pursuant to RPTL 708 (3). In addition, the District is obviously subject to injury from petitioner’s enforcement of the stipulation against it, assuming arguendo that petitioner had failed to notice it properly, since the District would be subject to the stipulation to the extent that, upon the reduction in the assessments for the tax years at issue, school tax refunds would be due to petitioner. For both of those reasons, the court will permit intervention.
The District’s Motion to Relieve It of the Stipulation for Improper Service
RPTL 708 (3) provides:
“[0]ne copy of the petition and notice shall be mailed within ten days from the date of the date of service thereof as provided to the superintendent of schools of any school district within which any part of the real property on which the assessment to be reviewed is located and, in all instances, to the treasurer of any county in which any part of the real property is located, and to the clerk of a village which has enacted a local law as provided in subdivision three of section fourteen hundred two of this chapter if the assessment to be reviewed is on a parcel located within such village . . . Proof of mailing one copy of the petition and notice to the superintendent of schools, the treasurer of the county *564 and the clerk of the village which has enacted a local law as provided above shall be filed with the court within ten days of the mailing. Failure to comply with the provisions of this section shall result in the dismissal of the petition, unless excused for good cause shown.”
Thus, RPTL 708 (3) clearly requires timely notice upon a school district, by service of a copy of the petition upon the superintendent of the district encompassing the property, and filing of proof of such notice thereafter with the court. Failure to so serve and to so file, absent good cause shown, results in dismissal of the petition. Here, the District, through an employee, affirms that in none of the tax years at issue did it receive notice by service upon it of a petition.[2] In Matter of Landesman v Whitton (13 Misc 3d 1216[A], 2006 NY Slip Op 51847[U] [Sup Ct, Dutchess County, Oct. 2, 2006, Dickerson, J.], affd 46 AD3d 827 [2d Dept 2007]), the petitioner had served the Poughkeepsie School District, but had not directly served the Superintendent of the district. This court dismissed the petitions for failing to follow RPTL 708 (3), and the Second Department affirmed, holding: “The failure to mail the notice of petition and the petition to the Superintendent of Schools of the school district mandates dismissal of the proceedings, and the absence of prejudice cannot be considered good cause to excuse the defect” (Matter of Landesman v Whitton, 46 AD3d at 828; see Matter of Orchard Hgts., Inc. v Yancy, 15 AD3d 854 [2005]; Matter of Premier Self Stor. of Lancaster v Fusco, 12 AD3d 1135 [2004]).
The Landesman Court also cited to errant (i.e. failed) service cases such as Orchard Hgts., Inc. v Yancy (supra) and Premier Self Stor. v Fusco (supra), which both involved service upon the clerk of the school rather than the superintendent. Each was dismissed and, in the latter, lack of prejudice was specifically held to be no excuse. And, as the Court noted in Landesman, this court has consistently held similarly (see Orange & Rockland Utils., Inc. v Assessor of Town of Orangetown, 11 Misc 3d 1051 [A], 2006 NY Slip Op 50166[U] [Sup Ct, Rockland County, Feb. 8, 2006, Dickerson, J.]; Majaars Realty Assoc. v Town of Poughkeepsie, 10 Misc 3d 1061 [A], 2005 NY Slip Op 52061[U] [Sup Ct, Dutchess County, Dec. 19, 2005, Dickerson, J.]).
Put simply, failure to serve notice upon a school district, whether by total lack of service, or by misdirection of service to *565 the wrong party, mandates dismissal, absent a demonstration of good cause for such lack of service or mis-service. In addition, lack of prejudice simply cannot supply the “good cause shown” to excuse a total lack of service, as occurred here, as opposed to untimely or otherwise improper service. And, petitioner’s citation to this court’s decision in Matter of Wyeth Holdings Corp. v Assessor of the Town of Orangetown (25 Misc 3d 1002 [Sup Ct, Rockland County 2009]) is clearly inapposite, since that decision involved demonstrated good cause due to the fact that improper service of the notice was effected based on erroneous information received from the school district therein. Notably, in opposition, petitioner fails to even assert lack of prejudice, or some good cause for the failure to properly notice the District, much less provide proof of such lack of prejudice or such good cause. While, as the District notes, dismissal is the remedy provided normally for such a failure of notice, the District, in recognition of the prior settlement of the matter, seeks only to be relieved from the effects of the settlement (i.e., that the order based on the settlement should not be binding on the District, as would normally be the case pursuant to RPTL 726 [1] [c]), since it was not properly noticed by petitioner by service of the petitions on the District Superintendent.
Relief from the Stipulation for Failure to File Proof of Service
In any event, and while the District explicitly argued this issue only in its reply papers, a search by counsel for the District of the files of the Westchester County Clerk disclosed that petitioner likewise failed to file copies of the affidavits of service of the petitions upon the School Superintendent with the court within 10 days of such service. As noted above, RPTL 708 (3), in pertinent part, also provides: “Proof of mailing one copy of the petition and notice to the superintendent of schools, the treasurer of the county and the clerk of the village which has enacted a local law as provided above shall be filed with the court within ten days of the mailing.” Thus, separate and apart from the apparent failure of petitioner to properly serve the petitions upon the School District, he also failed to properly file copies of the affidavits of service of such service with the court as mandated by RPTL 708 (3). And, upon clear notice in the reply papers that such failure was alleged by the District, which provided separate grounds for dismissal of the petitions (or, as sought by the District, for relief from the effect of the stipulation of settlement), petitioner failed to contest the factual ac *566 curacy of the District’s allegation (i.e., that he had in fact failed to file said affidavits), and conceded the legal point by failing to contest the assertion that dismissal for such failure was mandated by the statute.
As set forth above in relation to the notice issue, pursuant to RPTL 708 (3), dismissal is the usual remedy for the failure of petitioner to file copies of affidavits with the court, within 10 days, attesting to service of the petitions upon the District Superintendent. Here too, however, the District, in recognition of the prior settlement of the matter, seeks again only to be relieved from the same effects of the settlement — the binding nature of the settlement and order on the District, as provided in RPTL 726 (1) (c), due to petitioner’s failure to file said affidavits.
It is hereby ordered, that proposed intervenor’s motion granting it leave to intervene, is granted, as unopposed, and, upon intervention, it is further, ordered, that the motion by intervenor Croton-Harmon School District to relieve it from the effect of the stipulation of settlement between respondent Town of Cortlandt and petitioner Michael F.X. Ryan, due to improper service upon the Superintendent of the Croton-Harmon School District, of the petitions contesting tax years 2005, 2006, and 2007, in violation of RPTL 708 (3), is granted, and it is further, ordered, that the motion by intervenor Croton-Harmon School District to likewise relieve it from the effect of the said stipulation of settlement, for failure to file copies of the affidavits of service of the said petitions upon the School Superintendent, with the court within 10 days of such service, is also granted, as unopposed.

. For reasons not disclosed to the court, petitioner procured two successive and nearly identical stipulations, dated March 25, 2009 and December 22, 2009, respectively.

. Petitioner incorrectly argues that the proof of lack of notice is inadmissible, as not in proper form, when, in fact, it easily qualifies under the business records exception to the hearsay rule (see CPLR 4518).