■ In the Matter of AMERICAN CYANAMID Co. (LEDERLE LABS), Respondent, v BOARD OF ASSESSORS OF THE TOWN OF ORANGETOWN et al., Appellants, and NANUET UNION FREE SCHOOL DISTRICT, Intervenor-Appellant.—In proceedings pursuant to Real Property Tax Law article 7, the appeals are from an order of the Supreme Court, Rockland County (Pa-

lella, J.), dated December 8, 1988, which granted the petitioner's motion to set aside a stipulation of settlement, and denied a cross motion by the Board of Assessors and/or the Assessor of the Town of Orangetown and the Board of Assessment Review to confirm the stipulation.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a hearing and new determination in accordance herewith.

This case arises out of settlement negotiations concerning disputed tax assessments. After the petitioner had brought proceedings challenging the assessments of its property for the tax years 1983/1984, 1984/1985, 1985/1986 and 1986/1987, settlement negotiations ensued. Eventually, the petitioner's attorney circulated a stipulation, the crux of which was that the petitioner would receive tax benefits for the tax years 1987/1988 and 1988/1989 in exchange for discontinuing the proceedings challenging the tax assessments for the previous years. The stipulation contained a signature on behalf of the petitioner and had a clause that provided it was binding upon the petitioner when so signed. Upon receipt of this stipulation, the town's attorney wrote to the petitioner's attorney suggesting some changes, stating, "I am not satisfied with some of the language included in your last Stipulation". Thereafter, the petitioner's attorney called the town's attorney and indicated that further discussions would be necessary. The town's attorney wrote back and said that the town had decided, upon further reflection, to accept the stipulation "as is". Then the petitioner's attorney responded that it considered the stipulation a nullity.

The petitioner moved to set aside the stipulation. The Board of Assessors and/or the Assessor of the Town of Orangetown and the Board of Assessment Review cross-moved to confirm the stipulation, arguing that the stipulation submitted by the petitioner was an irrevocable offer which was duly accepted, and that the petitioner's taxes for 1987/1988 and 1988/1989 were reduced in accordance with the terms of the stipulation. The petitioner denied that such was the case. Because questions of fact exist regarding whether the offer was accepted, we reverse the order appealed from and remit the matter to the Supreme Court, Rockland County, for a hearing on that issue. It is fundamental that under certain circumstances an offer may be accepted by conduct or acquiescence (see, e.g., *McIntosh v Niederhoffer, Cross & Zeckhauser,* 106 AD2d 774; *Costello Assocs. v Standard Metals Corp.,* 99 AD2d 227, 231;

*Josephine & Anthony Corp. v Horwitz,* 58 AD2d 643; *see also,* 21 NY Jur 2d, Contracts, § 49, at 466; UCC 2-206 [1] [a]). Although the stipulation in the instant case appears to be a revocable offer *(see, Capalongo v Desch,* 81 AD2d 689; *T.I.P. Holding No. 2 Corp. v Wicks,* 63 AD2d 263; *Brunner-Booth Fotochrome Corp. v Kaufman,* 18 AD2d 160, *affd* 13 NY2d 1077; *cf., Silverstein v United Cerebral Palsy Assn.,* 17 AD2d 160), the record is unclear as to whether the offer was accepted, either in correspondence between the parties or by a reduction in the tax assessment of the petitioner's property. Mangano, P. J., Lawrence, Kooper and Harwood, JJ., concur.