■ In the Matter of AMERICAN CYANAMID Co. (LEDERLE LABS), Respondent, v BOARD OF ASSESSORS et al., Respondents. NANUET UNION FREE SCHOOL DISTRICT, Intervenor-Appellant; COUNTY OF ROCKLAND, Intervenor-Respondent. [733 NYS2d 104] —In consolidated tax certiorari proceedings pursuant to Real Property Tax Law article 7, to review certain real property tax assessments on the petitioner's property, the intervenor Nanuet Union Free School District appeals from an order of the Supreme Court, Rockland County (Palella, J.), entered December 22, 1998, which so-ordered a stipulation of settlement entered into by the petitioner, American Cyanamid Co. (Lederle Labs), the respondents Board of Assessors and/or the Assessor of the Town of Orangetown and the Board of Assessment Review, and the intervenor County of Rockland.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The petitioner owns and operates a large pharmaceutical research and manufacturing complex on certain real property (hereinafter the subject property), which is located in the Town of Orangetown, Rockland County. The petitioner commenced a series of tax certiorari proceedings against the Board of Assessors and/or the Assessor of the Town of Orangetown and the Board of Assessment Review of the Town of Orangetown (hereinafter collectively referred to as the Town) pursuant to Real Property Tax Law article 7, challenging the assessments of the subject property. The appellant, Nanuet Union Free School District (hereinafter Nanuet UFSD), intervened in each of the proceedings. At issue on the instant appeal is whether the Supreme Court properly so-ordered, and thereby in effect approved, a stipulation of settlement, dated November 11, 1998, between the petitioner, the Town, and the County of Rockland, which proposed to settle the 1997/1998 proceeding, and to set a framework for the possible settlement of the remaining proceedings, as well as for avoiding challenges to future assessments up to and including the assessment for 2005-2006.

On appeal, Nanuet UFSD contends, *inter alia,* that the so-ordered stipulation of settlement is unconstitutional as in violation of New York State Constitution, article XVI, § 1 because it "limits the ability of the taxing authorities to tax the petitioner in excess of $11,500,000 for the next eight years," and "calls for the taxing authorities to suspend their power to tax the petitioner." The contention is without merit.

In relevant part, New York State Constitution, article XVI, § 1 provides that "[t]he power of taxation shall never be surrendered, suspended or contracted away" (NY Const, art XVI, § 1). Although "[a] contract for a pre-established limit on tax liability * * * is clearly barred" by this section (*Matter of Roosevelt Raceway v Monaghan,* 9 NY2d 293, 308-309; *see, Matter of Snowpine Vil. Condominium Bd. of Mgrs. v Town of Great Val.,* 144 Misc 2d 1049), there is no such contract in the instant case. Rather, the so-ordered stipulation of settlement expressly requires the Town's Assessor, *inter alia,* to "set the assessments for the subject property in accordance with his/her statutory responsibilities as set forth in the RPTL." For each year from 1998 through 2005 that the final assessment "either as originally set by the Town Assessor or as subsequently adjusted by the agreement of the parties," resulted or results in an amount equal to or less than a specified maximum tax liability, the petitioner agreed to "waive any and all further rights" to continue and/or commence a tax certiorari proceeding against the Town and the County for two specific years. This offer by the petitioner in no way bound or binds the Town or County to an illegal "tax freeze," but may foreclose the petitioner from challenging its annual tax liability to the Town and the County in certain specified years (*see, Matter of Olympic Tower Assocs. v City of New York,* 81 NY2d 961).

The appellant's remaining contentions are without merit. Altman, J. P., Friedmann, Smith and Adams, JJ., concur.