■ In the Matter of NANUET UNION FREE SCHOOL DISTRICT, Appellant, v BRIAN KENNEY, as Assessor of the Town of Orangetown, et al., Respondents. [732 NYS2d 366] —In a hybrid proceeding pursuant to CPLR article 78, in effect, to review a determination of the respondent Brian Kenney, Assessor of the Town of Orangetown, dated July 1, 1999, which calculated the 1999 tax assessment for the subject property, and an action for a judgment declaring, *inter alia*, that the respondent Brian Kenney, Assessor of the Town of Orangetown, failed to perform his statutory duty in assessing the subject real property for the tax year 1998-1999, the petitioner, Nanuet Union Free School District, appeals from (1) a decision of the Supreme Court, Rockland County (Bergerman, J.), dated April 12, 2000, (2) an order of the same court, entered April 17, 2000, which denied the petitioner's motion for leave to take three depositions, and (3) a judgment of the same court, entered May 16, 2000, which, among other things, declared that the 1999 tax assessment on the subject property was established in accordance with the statutory duty of the respondent assessor, and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order dated April 12, 2000, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248).

By so-ordering the parties' stipulation of settlement on December 15, 1998, the Supreme Court, Rockland County, necessarily determined that the settlement did not violate the Real Property Tax Law or the New York State Constitution (*see, Matter of American Cyanamid Co. [Lederle Labs] v Board of Assessors,* 255 AD2d 440). As the petitioner had a full and fair opportunity to litigate those issues in connection with the tax certiorari proceedings, it is barred by the doctrine of collateral estoppel from relitigating the same issues in this hybrid CPLR article 78 proceeding and action for a declaratory judgment (*see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 69).

Moreover, the petitioner's conclusory allegations that the re-

spondent Brian Kenney, Assessor of the Town of Orangetown, failed to determine the assessment value of the subject property in accordance with his statutory duty were not sufficient to rebut the presumption of validity that attached to his valuation (*see, Matter of FMC Corp. v Unmack,* 92 NY2d 179, 187).

The appellant's remaining contentions are without merit. Altman, J. P., Friedmann, Smith and Adams, JJ., concur.