In the Matter of PREMIER SELF STORAGE OF LANCASTER, Respondent, v CHRISTINE FUSCO, as Assessor of Town of Lancaster, et al., Respondents, and LANCASTER CENTRAL SCHOOL DISTRICT, Intervenor-Appellant. [784 NYS2d 443]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered January 16, 2004 in a proceeding pursuant to RPTL article 7. The order denied intervenor's motion to dismiss the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the petition is dismissed.

Memorandum: Petitioner commenced this RPTL article 7 proceeding in 2003 seeking review of its 2003-2004 real property tax assessment. Lancaster Central School District (District), the intervenor herein, moved to dismiss the petition on the ground that petitioner failed to comply with RPTL 708 (3) by mailing a copy of the petition to the District's Superintendent. Supreme Court erred in denying the motion. It is undisputed that petitioner mailed a copy of the petition to the "Clerk" of the District, rather than the Superintendent, and thus failed to comply with RPTL 708 (3) (*see Matter of Clay Dome & Golf Ctr. v Board of Assessors of Town of Clay*, 300 AD2d 1092 [2002]). Petitioner's failure to comply with the statute requires dismissal of the petition unless the failure is excused for "good cause shown" (RPTL 708 [3]), and petitioner failed to make the requisite showing. We reject the contention of petitioner that its noncompliance with the statute should be excused as a mere technicality. We also reject petitioner's contention that the motion should be denied because the District was not prejudiced by petitioner's failure to comply with the statute. Section 708 (3) expressly provides that "[f]ailure to comply with the provisions

of this section shall result in the dismissal of the petition, unless excused for good cause shown;" there is no statutory exception with respect to the absence of prejudice. Finally, because petitioner's 2002 and 2003 tax certiorari proceedings are related but nevertheless distinct proceedings, we reject petitioner's contention that, by failing to seek dismissal of the 2002 tax certiorari proceeding on the ground raised herein, the District waived its right to seek dismissal of the 2003 tax certiorari proceeding on that ground. Present—Green, J.P., Scudder, Gorski, Martoche and Hayes, JJ.