██ In the Matter of GATSBY INDUSTRIAL REAL ESTATE, INC., Appellant, v LUCILLE FOX, as Assessor of Town of Geddes, et al., Respondents. [846 NYS2d 834]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered December 5, 2006 in a proceeding pursuant to RPTL article 7. The order granted respondents' motion to dismiss the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking review of its real property tax assessment pursuant to RPTL article 7. We reject the contention of petitioner that Supreme Court erred in dismissing the petition based upon its failure to mail a copy of the petition to the superintendent of schools of

respondent Solvay Union Free School District (District) and the county treasurer of Onondaga County, as required by RPTL 708 (3). It is well settled that service upon any other official is insufficient to satisfy that statutory requirement and requires dismissal of the petition, absent a showing of good cause (*see Matter of Orchard Hgts., Inc. v Yancy*, 15 AD3d 854 [2005], *lv denied* 4 NY3d 710 [2005]; *Matter of Premier Self Stor. of Lancaster v Fusco*, 12 AD3d 1135 [2004], *lv denied* 4 NY3d 710 [2005]).

Contrary to the further contention of petitioner, service by any means other than mail is not permitted by RPTL 708 (4). That section applies to service of process on parties to the proceeding, while RPTL 708 (3) concerns notice to the relevant school district and county, entities that may not be parties to the proceeding but that nevertheless have an interest in the proceeding. Indeed, RPTL 708 (3) provides that the mailing must occur "within ten days from the date of service" of the petition and that such mailing to the school district and the county does not render those entities parties to the proceeding. We reject petitioner's contention that the court erred in dismissing the petition because the District and Onondaga County received actual notice of the proceeding and thus were not prejudiced. As this Court has repeatedly held, " '[t]here is no statutory exception [to strict compliance with the provisions of RPTL 708 (3)] with respect to the absence of prejudice' " (*Orchard Hgts., Inc.*, 15 AD3d at 854).

Finally, we conclude that petitioner failed to demonstrate good cause for its failure to comply with RPTL 708 (3). It is well settled that "[t]he mistake or omission of petitioner's attorney does not constitute good cause shown within the meaning of RPTL 708 (3) to excuse petitioner's failure to comply with that section" (*Matter of Clay Dome & Golf Ctr. v Board of Assessors of Town of Clay*, 300 AD2d 1092, 1092-1093 [2002] [internal quotation marks omitted]), and that to excuse such failure as "a procedural irregularity" pursuant to CPLR 2001 "would nullify the requirement of RPTL 708 (3) that good cause be shown" (*Matter of Younan v City of Rome Assessor*, 256 AD2d 1122 [1998]). Present—Hurlbutt, J.P., Gorski, Martoche, Lunn and Peradotto, JJ.