■ In the Matter of MM1, LLC, Appellant, v SHERRY LA-VANCHER, as Assessor of the Town of Onondaga, et al., Respondents. [845 NYS2d 654]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered December 13, 2006 in a proceeding pursuant to RPTL article 7. The order granted respondents' motion to dismiss the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this RPTL article 7 proceeding seeking review of its 2006-2007 real property tax assessments. Supreme Court properly granted respondents' motion to dismiss the petition on the ground that petitioner failed to comply with the service requirements of RPTL 708 (3). Pursuant to that section, petitioner was required to mail a copy of the notice of petition and petition to the superintendents of the Jamesville-Dewitt School District and LaFayette School District. It is undisputed that petitioner served a copy of the notice of petition and petition by personal delivery to a receptionist at the district offices of the Jamesville-Dewitt School District and to the District Clerk and Treasurer of the LaFayette School District, and did not mail such copies to the superintendents of those school districts. Although noncompliance with the explicit requirement of service on the superintendent of each school district may be excused for good cause shown (see RPTL 708 [3]; Matter of Orchard Hgts., Inc. v Yancy, 15 AD3d 854 [2005], lv denied 4 NY3d 710 [2005]; Matter of Premier Self Stor. of Lancaster v Fusco, 12 AD3d 1135 [2004], lv denied 4 NY3d 710 [2005]; Majaars Realty Assoc. v Town of Poughkeepsie, 10 Misc 3d 1061[A], 2005 NY Slip Op 52061[U], *2), "[t]he mistake or omission of petitioner's attorney does not constitute 'good cause shown' within the meaning of RPTL 708 (3) to excuse petitioner's failure to comply with that section" (Matter of First Source Fed. Credit Union v Stuhlman, 267 AD2d 1026, 1027 [1999], lv denied 95 NY2d 758 [2000]; see Matter of Clay Dome & Golf Ctr. v Board of Assessors of Town of Clay, 300 AD2d 1092, 1092-1093 [2002]). Further, noncompliance with the statute may not be excused on the ground that respondents have not been prejudiced thereby (see Orchard Hgts., Inc., 15 AD3d 854 [2005]; Premier Self Stor. of Lancaster, 12 AD3d 1135 [2004]), nor may noncompliance with the statute be excused as a mere technicality (see Premier Self Stor. of Lancaster, 12 AD3d 1135 [2004]). Finally, we reject the contention of petitioner that its attorney's reasonable belief that RPTL 708 (4) permitted personal service of the notice of petition and petition upon a school district receptionist and district clerk constitutes "good cause" for the failure to comply with RPTL 708 (3), in view of the express language of subdivision (3) of RPTL 708. Present—Hurlbutt, J.P., Gorski, Martoche, Lunn and Peradotto, JJ.