██ In the Matter of HARRIS BAY YACHT CLUB, INC., Respondent, v TOWN OF QUEENSBURY et al., Respondents. LAKE GEORGE CENTRAL SCHOOL DISTRICT, Appellant. [848 NYS2d 773]—

Spain, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered March 2, 2007 in Warren County, which, in a proceeding pursuant to RPTL article 7, denied a motion by Lake George Central School District to dismiss the petition for failure to serve the proper school district and granted petitioner's cross motion for an extension of time.

In this RPTL article 7 tax proceeding, petitioner challenges the 2006 assessed value of real property located in the Town of Queensbury, Warren County. No dispute exists that petitioner properly commenced the proceeding and timely served respon-

dent Town of Queensbury. Further, petitioner made a timely attempt to comply with the notice requirements of RPTL 708 (3), but mistakenly mailed copies of the notice of petition and petition to the Queensbury Union Free School District when, in actuality, the subject property is located within the Lake George Central School District (hereinafter the district). The district then moved to dismiss the petition pursuant to RPTL 708 (3). Petitioner cross-moved for an extension of time to execute service on the district, relying on both RPTL 708 (3) and CPLR 306-b. Supreme Court denied the district's motion to dismiss and granted petitioner's cross motion on the ground that, under CPLR 306-b, the extension was warranted "in the interest of justice." On the district's appeal, we now affirm, but on different grounds.

Initially, we hold that the statute controlling petitioner's request for an extension of time to give notice to the district is RPTL 708 (3), and not CPLR 306-b. RPTL 708 (3) expressly addresses the mailing requirement upon school districts in RPTL article 7 proceedings, specifically providing that failure to mail the notice of petition and petition to the proper school district within 10 days of service on the respondent "shall result in the dismissal of the petition, unless excused for good cause shown." The mailing required under RPTL 708 (3) "does not of itself constitute 'service,' and is, in fact, insufficient to confer party status upon a school district" (*Matter of Village Sq. of Penna v Semon*, 290 AD2d 184, 186 [2002], *lv dismissed* 98 NY2d 647 [2002]; *see Matter of Liberty Mgt. of N.Y. v Assessor of Town of Glenville*, 284 AD2d 61, 64 [2001]). In contrast, CPLR 306-b specifically addresses service of the summons and complaint or notice of petition and petition and provides that a court may "upon good cause shown or in the interest of justice, extend the time *for service*" (CPLR 306-b [emphasis added]).

Accordingly, we conclude that the provision extending time to serve process under CPLR 306-b does not apply to the notice requirement set forth in RPTL 708 (3). Indeed, even if CPLR 306-b does apply to notice provisions beyond service of process, the CPLR would not govern the mailing procedure at issue here because it "is regulated by inconsistent statute" (CPLR 101). RPTL 708 (3) permits an extension only where "good cause" is shown, while CPLR 306-b permits an extension upon a showing of "good cause" or "in the interest of justice." It has been held that the two grounds for relief in CPLR 306-b represent separate standards and that "[t]he interest of justice standard is broader" (*Mead v Singleman*, 24 AD3d 1142, 1144 [2005]; *see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104 [2001]).

Thus, we conclude that Supreme Court erred in applying CPLR 306-b in granting petitioner an extension (*see Youngs v Bradley*, 237 AD2d 700, 701 [1997], *appeal dismissed* 90 NY2d 843 [1997]; *but see Matter of Commerce Dr. Assoc., LLC v Board of Assessment Review*, 35 AD3d 856, 856 [2006] [applying CPLR 306-b in RPTL art 7 proceeding]).

Turning, therefore, to the issue of whether petitioner demonstrated good cause under RPTL 708 (3), we hold, under the particular facts of this case, that it has. Petitioner's attorneys mistakenly concluded that the property—located within the Town of Queensbury and not in the Village of Lake George—was within the Queensbury Union Free School District, rather than the district. This is not a case of pure law office failure involving either no attempt to accomplish the mailing or a misreading of the applicable statute, resulting in mailing to the wrong party (*see e.g. Matter of Orchard Hgts., Inc. v Yancy*, 15 AD3d 854, 854-855 [2005], *lv denied* 4 NY3d 710 [2005]; *Matter of Premier Self Stor. of Lancaster v Fusco*, 12 AD3d 1135, 1135-1136 [2004], *lv denied* 4 NY3d 710 [2005]; *Matter of Clay Dome & Golf Ctr. v Board of Assessors of Town of Clay*, 300 AD2d 1092, 1092-1093 [2002]; *Matter of First Source Fed. Credit Union v Stuhlman*, 267 AD2d 1026, 1027 [1999], *lv denied* 95 NY2d 758 [2000]). Instead, here petitioner made a good faith effort to comply with the statute but, in doing so, made a factual, geographical mistake with no apparent prejudice to the district. Under these circumstances, we hold that petitioner has demonstrated good cause sufficient to excuse the timely, but improper, mailing (*see Matter of Bloomingdale's, Inc. v City Assessor of City of White Plains*, 294 AD2d 570, 571 [2002], *lv dismissed* 99 NY2d 553 [2002]; *see also Tewari v Tsoutsouras*, 75 NY2d 1, 12-13 [1989] [law office failure may constitute "good cause" in context of CPLR 2004 application]; *Matter of Burkich*, 12 AD3d 755, 756 [2004] [same]; *Matter of Village Sq. of Penna v Semon*, 290 AD2d at 186 [good cause found when failure to serve proper school district stemmed from misinformation provided by the respondent]).

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.