In the Matter of BOARD OF MANAGERS OF COPLEY COURT CONDOMINIUM, Respondent, v TOWN OF OSSINING et al., Respondents, and BRIARCLIFF MANOR UNION FREE SCHOOL DISTRICT, Appellant. [913 NYS2d 738]—

In six related tax certiorari proceedings for the tax years 2002 through 2007, Briarcliff Manor Union Free School District appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered September 10, 2009, which denied its motion to dismiss the proceedings on the ground that the petitions were not served upon its Superintendent of Schools and granted the petitioner's cross motion for leave to serve the petitions upon the Superintendent of Schools of the Briarcliff Manor Union Free School District nunc pro tunc.

Ordered that the order is reversed, on the law, with costs to the appellant payable by the petitioner-respondent, the appellant's motion to dismiss the proceedings on the ground that the petitions were not served upon its Superintendent of Schools is granted, and the petitioner's cross motion for leave to serve the petitions upon the Superintendent of Schools of the Briarcliff Manor Union Free School District nunc pro tunc is denied.

RPTL 708 (3) provides, in pertinent part, that in certain tax certiorari proceedings such as those proceedings at issue here, "one copy of the petition and notice shall be mailed . . . to the superintendent of schools of any school district within which any part of the real property on which the assessment to be reviewed is located."

The petitioner owns certain real property (hereinafter the property) located within the geographic boundaries of the Village of Briarcliff Manor, the Town of Ossining, and the Briarcliff Manor Union Free School District (hereinafter the School District). It commenced tax certiorari proceedings pursuant to RPTL article 7 to review the real property tax assessments on the property for the tax years 2002 through 2007. However, it did not mail copies of the notices of petition and petitions for those proceedings to the School District's Superintendent of Schools (hereinafter the Superintendent) as required by RPTL 708 (3). Instead, it mailed copies of the notices of petition and petitions to the Superintendent of Schools of the Ossining School District, a neighboring school district and a nonparty to these proceedings.

In April 2009 the School District intervened in these proceedings, and moved to dismiss them on the ground that the petitions were not served upon the Superintendent. The petitioner cross-moved for leave to serve the petitions upon the Superintendent nunc pro tunc, arguing that, in serving the superintendent of the wrong school district, it had made a "geographical mistake" which had not prejudiced the School District. The Supreme Court denied the School District's motion and granted the petitioner's cross motion, concluding that the petitioner's "geographical error" constituted good cause excusing the failure to serve the Superintendent. We reverse.

"Failure to comply with the provisions of [RPTL 708 (3)] shall result in the dismissal of the petition, unless excused for good cause shown" (RPTL 708 [3]; *see Matter of Landesman v Whitton*, 46 AD3d 827, 828 [2007]; *Matter of Gatsby Indus. Real Estate, Inc. v Fox*, 45 AD3d 1480, 1480-1481 [2007]; *Matter of Orchard Hgts., Inc. v Yancy*, 15 AD3d 854 [2005]). Where, as here, there is no service pursuant to RPTL 708 (3), the mere absence of prejudice cannot be considered good cause to excuse the defect (*see Matter of Landesman v Whitton*, 46 AD3d at 828; *Matter of MM1, LLC v LaVancher*, 45 AD3d 1481, 1482 [2007]; *Matter of Gatsby Indus. Real Estate, Inc. v Fox*, 45 AD3d at 1481; *Matter of Orchard Hgts., Inc. v Yancy*, 15 AD3d at 854; *Matter of Premier Self Stor. of Lancaster v Fusco*, 12 AD3d 1135, 1136 [2004]). In addition, "[t]he mistake or omission of [the]

petitioner's attorney does not constitute 'good cause shown' within the meaning of RPTL 708 (3) to excuse [the] petitioner's failure to comply with that section" (*Matter of First Source Fed. Credit Union v Stuhlman*, 267 AD2d 1026, 1027 [1999]; *see Matter of MM1, LLC v LaVancher*, 45 AD3d at 1482; *Matter of Gatsby Indus. Real Estate, Inc. v Fox*, 45 AD3d at 1481; *Matter of Clay Dome & Golf Ctr. v Board of Assessors of Town of Clay*, 300 AD2d 1092, 1092-1093 [2002]). Thus, the petitioner's excuse for its failure to mail the notices of petition and petitions for the tax certiorari proceedings for the tax years 2002 through 2007 to the Superintendent was not reasonable. Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.