In the Matter of WYETH HOLDINGS CORPORATION, Respondent, v ASSESSOR OF THE TOWN OF ORANGETOWN et al., Respondents. NANUET UNION FREE SCHOOL DISTRICT, Intervenor-Appellant. [924 NYS2d 108]—

In two related tax certiorari proceedings for the tax years 2007 and 2008, Nanuet Union Free School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (LaCava, J.), dated September 22, 2009, as denied its motion to dismiss the proceedings on the ground that the petitions were not served upon its Superintendent of Schools and granted that branch of the petitioner's cross motion which was to deem the petitions timely served upon the Superintendent of Schools of the Nanuet Union Free School District nunc pro tunc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion which was to deem the petitions timely served upon the Superintendent of Schools of the Nanuet Union Free School District nunc pro tunc is denied, and the motion is granted to the extent that the petition insofar as it seeks review of parcels located within the Nanuet Union Free School District is dismissed, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith.

Wyeth Holdings Corporation (hereinafter Wyeth) commenced these two related tax certiorari proceedings to review the 2007 and 2008 real property tax assessments for several parcels of property upon which it operates a pharmaceutical manufacturing plant. The properties are located in the Town of Orangetown and, according to the parties, some of the parcels are located in the Pearl River School District (hereinafter Pearl River) and some are located in the Nanuet Union Free School District (hereinafter Nanuet). The petition relating to the 2007 tax year was filed on July 27, 2007, and the petition relating to the 2008 tax year was filed on July 30, 2008. Wyeth claims to have mailed copies of the petitions to Pearl River's superintendent of schools, but it is undisputed that it failed to mail copies of the petitions to the superintendent of schools for Nanuet as required by RPTL 708 (3).

On or about February 27, 2009, Nanuet first appeared in the proceedings for the purpose of moving to dismiss the petitions based upon Wyeth's failure to comply with the mailing requirements of RPTL 708 (3). Shortly thereafter, Wyeth mailed copies of the petitions to Nanuet's superintendent and cross-moved to deem the petitions timely served nunc pro tunc, or, in the alternative, if Nanuet's motion were granted, for leave to timely recommence the proceedings pursuant to CPLR 205 (a). The Supreme Court, inter alia, denied Nanuet's motion and granted that branch of Wyeth's cross motion which was to deem the petitions timely served nunc pro tunc, determining that Wyeth established "good cause" for failing to timely mail copies of the petitions to Nanuet's superintendent.

RPTL 708 (3) requires that, within 10 days of service of the petition upon the assessor, "one copy of the petition and notice shall be mailed . . . to the superintendent of schools of any school district within which any part of the real property on which the assessment to be reviewed is located." That section further provides: "Failure to comply with the provisions of this section shall result in the dismissal of the petition, unless excused for good cause shown" (RPTL 708 [3]).

Where, as here, there is no service pursuant to RPTL 708 (3), the mere absence of prejudice cannot be considered good cause to excuse the defect (*see Matter of Board of Mgrs. of Copley Ct. Condominium v Town of Ossining*, 79 AD3d 1032, 1033 [2010], *lv granted* 16 NY3d 711 [2011]; *Matter of Landesman v Whitton*, 46 AD3d 827, 828 [2007]; *Matter of Orchard Hgts., Inc. v Yancy*, 15 AD3d 854, 854 [2005]; *Matter of Premier Self Stor. of Lancaster v Fusco*, 12 AD3d 1135, 1136 [2004]). Further, "[t]he mistake or omission of [the] petitioner's attorney does not constitute 'good cause shown' within the meaning of RPTL 708 (3) to excuse [the] petitioner's failure to comply with that section" (*Matter of First Source Fed. Credit Union v Stuhlman*, 267 AD2d 1026, 1027 [1999]; *see Matter of Board of Mgrs. of Copley Ct. Condominium v Town of Ossining*, 79 AD3d at 1033-1034; *Matter of Orchard Hgts., Inc. v Yancy*, 15 AD3d at 854).

Under the circumstances of this case, Wyeth failed to establish good cause for failing to mail copies of the petitions to Nanuet's superintendent of schools. Wyeth's attempt to characterize its failure to do so as a "geographical mistake" (*Matter of Harris Bay Yacht Club, Inc. v Town of Queensbury*, 46 AD3d 1304, 1306 [2007]; *see Matter of Board of Mgrs. of Copley Ct. Condominium v Town of Ossining*, 79 AD3d at 1033) is unavailing in light of the fact that Wyeth and its subsidiary American Cyanamid Company (hereinafter Lederle Labs) have been involved in significant litigation with Nanuet—notably in this Court—regarding real property tax assessments for the subject property for over 25 years (*see Matter of Nanuet Union Free School Dist. v Kenney*, 288 AD2d 223 [2001]; *Matter of American Cyanamid Co. [Lederle Labs] v Board of Assessors*, 288 AD2d 213 [2001]; *Matter of American Cyanamid Co. [Lederle Labs] v Board of Assessors*, 255 AD2d 440 [1998]; *Matter of American Cyanamid Co. v Board of Assessors of Town of Orangetown*, 243 AD2d 630 [1997]; *Matter of American Cyanamid Co. [Lederle Labs] v Board of Assessors of Town of Orangetown*, 215 AD2d 375 [1990]; *Matter of American Cyanamid Co. [Lederle Labs] v Board of Assessors of Town of Orangetown*, 159 AD2d 704 [1990]). Further belying Wyeth's claim of a geographic mistake is correspondence dated May 3, 2007, only months prior to the filing of the 2007 petition, from Wyeth's present counsel to Nanuet's counsel arranging a site visit, for tax assessment review purposes, of a parcel described by property identification number 68.08-1-1, which is one of the parcels at issue in these proceedings.

With regard to Wyeth's request for leave to recommence the proceedings pursuant to CPLR 205 (a) (inherently providing it

with a new opportunity to timely mail copies of the petitions to Nanuet's superintendent), a dismissal pursuant to RPTL 708 (3) operates as a dismissal "upon the merits," and, accordingly, the relief afforded by CPLR 205 (a) is unavailable (*see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 93 NY2d 375, 380 [1999]). To find otherwise would render the "good cause" requirement in RPTL 708 (3) superfluous.

Despite our holding, it is necessary to remit the matter to the Supreme Court, Rockland County, for further proceedings. The Supreme Court noted in its order that "five of the ten parcels comprising the subject property are, in fact, located within the Nanuet Union Free School District with the remaining five situated in the Pearl River School District." Since Nanuet only has standing to move to dismiss the proceedings with respect to those parcels located within its borders, the proceedings should be dismissed only insofar as they relate to those parcels. However, as we are unable to determine from the record on appeal precisely which parcels are located in Nanuet and which parcels are located in the Pearl River School District, we remit the matter to the Supreme Court, Rockland County, with instructions to determine which parcels are located in Nanuet and enter an order dismissing the proceedings only to the extent that they seek to challenge the real property tax assessments for those parcels. We also bring to the attention of the Supreme Court and the parties that, despite various representations that the proceedings involve 10 parcels, the 2007 petition appears to seek the review of assessments on 11 different parcels.

The parties' remaining contentions are without merit. Rivera, J.P., Angiolillo, Eng and Sgroi, JJ., concur. **[Prior Case History: 25 Misc 3d 1002.]**