# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**910**

**CA 11-00004**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF VICTORIA G. GARTH AND LEONID G.
GARTH, PETITIONERS-APPELLANTS,

                V                              MEMORANDUM AND ORDER

ASSESSORS OF TOWN OF PERINTON,
TOWN OF PERINTON BOARD OF ASSESSMENT REVIEW AND
TOWN OF PERINTON, RESPONDENTS-RESPONDENTS.

---

DIBBLE & MILLER, P.C., ROCHESTER (G. MICHAEL MILLER OF COUNSEL), FOR
PETITIONERS-APPELLANTS.

HISCOCK & BARCLAY, LLP, ROCHESTER (JAMES S. GROSSMAN OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated decision and order) of the
Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered March 9,
2010 in a proceeding pursuant to CPLR article 78 and RPTL article 7.
The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioners commenced this proceeding pursuant to
CPLR article 78 and title 1 of RPTL article 7 seeking, inter alia, to
annul the determination of the Hearing Officer in the small claims
assessment review (SCAR) proceeding denying their petition seeking to
reduce their real property assessment. Supreme Court concluded that,
by electing to file a SCAR petition, petitioners waived their right to
commence a tax review proceeding pursuant to title 1 of RPTL article 7
(*see* RPTL 736 [1]; *Matter of Yee v Town of Orangetown*, 76 AD3d 104,
109). Petitioners have not raised any challenge in their brief with
respect to that part of the judgment dismissing the petition with
respect to the RPTL article 7 title 1 proceeding, and thus they have
abandoned any such challenge (*see Ciesinski v Town of Aurora*, 202 AD2d
984).

We agree with petitioners that the court erred in granting that
part of respondents' motion to dismiss the remainder of the petition
on the ground that the proceeding pursuant to CPLR article 78 was not
timely commenced within four months of the date of filing of the final
assessment roll (*see* CPLR 217 [1]; *see generally Matter of Brimberg v
Commissioner of Fin. of City of N.Y.*, 45 AD3d 506, 507). The four-
month statute of limitations did not begin to run until the

"determination [to be reviewed became] 'final and binding upon the petitioner[s],' " i.e., when they received notice of the Hearing Officer's adverse determination (*Katz v Assessor of Vil. of Southampton*, 131 Misc 2d 552, 554).  This proceeding was timely commenced within that period.

The court, however, properly granted that part of respondents' motion to dismiss the petition insofar as it sought to annul the Hearing Officer's determination in the SCAR proceeding on the merits. "When such a determination is contested, the court's role is limited to ascertaining whether there was a rational basis for that determination" (*Matter of Greenfield v Town of Babylon Dept. of Assessment*, 76 AD3d 1071, 1074).  The evidence presented at the hearing, including evidence of comparable sales, provided a rational basis for the determination of the Hearing Officer that petitioners failed to meet their burden of demonstrating that respondents' assessment of their property was excessive (*see id.*; *Matter of Montgomery v Board of Assessment Review of Town of Union*, 30 AD3d 747, 748-749).  Petitioners' contentions with respect to the failure of respondents to file a transcript of the SCAR hearing are raised for the first time on appeal and thus are not properly before us (*see Ciesinski*, 202 AD2d at 985).  In any event, those contentions are without merit inasmuch as RPTL 735 provides that "[n]o transcript of testimony shall be made of a [SCAR] hearing."  We have considered petitioners' remaining contentions and conclude that none warrants modification or reversal of the judgment.

Entered:  September 30, 2011                     Patricia L. Morgan
                                                 Clerk of the Court