# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**906**
**CA 12-00145**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF EDWARD P. DODGE AND
AMYLYNN M. DODGE, PETITIONERS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

DAWN KRUL, TOWN OF WOLCOTT CLERK, DIANNA
BLANKLEY, TAX ASSESSOR, RED CREEK CENTRAL
SCHOOL DISTRICT AND WAYNE COUNTY TREASURER,
RESPONDENTS-RESPONDENTS.

---

EDWARD P. DODGE, PETITIONER-APPELLANT PRO SE.

AMYLYNN M. DODGE, PETITIONER-APPELLANT PRO SE.

NESBITT & WILLIAMS, NEWARK (ARTHUR B. WILLIAMS OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

-----------------------------------------------------------------------------

Appeal from a judgment (denominated decision and order) of the
Supreme Court, Wayne County (Dennis M. Kehoe, A.J.), dated April 19,
2011 in a proceeding pursuant to CPLR article 78. The judgment
dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78
proceeding challenging a determination made by a hearing officer
following a small claims assessment review (SCAR) proceeding (*see* RPTL
730 [1]). Petitioners' property, a 1,166-square-foot residence on
Blind Sodus Bay in the Town of Wolcott (Town), was initially assessed
by the Town at $185,100, but the assessment was later reduced to
$154,600 by the Board of Assessment Review. Still dissatisfied,
petitioners sought a further reduction of their assessment in a SCAR
proceeding. Following a SCAR hearing, the Hearing Officer reduced the
assessment of petitioners' property to $140,000, i.e., the market
value of the property as determined by petitioners' appraiser.
Petitioners contended for the first time in this CPLR article 78
proceeding that their property should be assessed at $21,000. Supreme
Court dismissed the petition, and we affirm.

Where the owner of residential property challenges a hearing
officer's determination in a SCAR proceeding, " 'the court's role is
limited to ascertaining whether the determination has a rational
basis' " (*Matter of Sterben v Board of Assessment Review of Town of*

*Amherst, County of Erie, State of N.Y.*, 41 AD3d 1214, 1215; *see Matter of Garth v Assessors of Town of Perinton*, 87 AD3d 1306, 1306-1307). Here, the Hearing Officer's determination to reduce the assessment of petitioners' property to $140,000 was supported by a rational basis inasmuch as that was the market value of the property as determined by petitioners' own appraiser.

Petitioners contend that the Town assigned their property an erroneous neighborhood classification and that the misclassification affected the assessment of their property. As a preliminary matter, we note that petitioners' contention was not properly raised at the SCAR proceeding, nor is it now properly before us. A SCAR proceeding is governed by RPTL 730 (1), which provides in relevant part that a property owner "claiming to be aggrieved by an assessment on real property *on the ground that such assessment is unequal or excessive* may file a petition for review" (emphasis added). A claim that property is misclassified, however, is not a claim that the assessment is unequal or excessive. Thus, petitioners were not entitled to raise misclassification as a ground for reducing the assessment of their property at the SCAR proceeding.

We conclude in any event that petitioners' contention lacks merit for several reasons. First, contrary to petitioners' contention, the Town did not classify their property as "deep water prime waterfront"; instead, the property was classified as "Blind Sodus Waterfront," as were all of the other properties in the general vicinity of petitioners' property. Second, unlike a zoning classification, the neighborhood classification did not affect the use of petitioners' property. It thus stands to reason that the neighborhood classification, even if erroneous, had no effect on the market value of petitioners' property. Moreover, we note that petitioners' appraiser, when he determined the subject property's market value, was aware that it was not located in a prime waterfront area. Petitioners' appraiser stated in his appraisal report that the "high variability of Blind Sodus water levels" results in "inconsistent access to Lake Ontario" and "impacts recreational use [and] view." Petitioners' appraiser further stated that, due to the marsh-like conditions in the bay, there are "severe weed issues and weed odor[s] at times in the summer." Despite those conditions, petitioners' appraiser determined the market value of the property to be $140,000, which is the same amount arrived at by the Hearing Officer.

We have reviewed petitioners' remaining contentions and conclude that they lack merit.

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court