In the Matter of CELINA D., a Person Alleged to be a Juvenile Delinquent, Appellant. COUNTY OF MONROE, Petitioner-Respondent. (Appeal No. 2.) [42 NYS3d 894]—Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered May 26, 2015 in a proceeding pursuant to Family Court Act article 3. The order adjudicated respondent a juvenile delinquent.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Same memorandum as in *Matter of Celina D.* ([appeal No. 1] 145 AD3d 1634 [2016]). Present—Centra, J.P., Peradotto, Lindley, NeMoyer and Scudder, JJ.

 In the Matter of J. THOMAS BASSETT et al., Appellants, v TOWN OF MANLIUS, Respondent. [42 NYS3d 895]—

---

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Hugh A. Gilbert, J.), entered January 15, 2016 in a CPLR article 78 proceeding. The judgment denied the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this CPLR article 78 proceeding challenging a determination made by a hearing officer in a small claims assessment review (SCAR) proceeding (*see* RPTL 736 [2]), we conclude that Supreme Court properly denied the petition. Judicial review of the determination of a hearing officer in a SCAR proceeding is limited to ascertaining whether the determination has a rational basis (*see Matter of Dodge v Krul*, 99 AD3d 1218, 1218 [2012]; *Matter of Garth v Assessors of Town of Perinton*, 87 AD3d 1306, 1307 [2011]). Here, the evidence presented at the SCAR hearing, including the evidence of comparable sales and assessments, provided a rational basis for the Hearing Officer's determination that petitioners had failed to meet their burden of demonstrating that respondent's assessment of their property was unequal or excessive (*see Garth*, 87 AD3d at 1307; *Matter of Montgomery v Board of Assessment Review of Town of Union*, 30 AD3d 747, 749 [2006]). Present—Centra, J.P., Peradotto, Lindley, NeMoyer and Scudder, JJ.