Matter of Cedrone v City of Fulton Assessor's Off. (2023 NY Slip Op 06620)

Matter of Cedrone v City of Fulton Assessor's Off.

2023 NY Slip Op 06620

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

810 CA 23-00124

[*1]IN THE MATTER OF PETER J. CEDRONE, PETITIONER-APPELLANT,
v
CITY OF FULTON ASSESSOR'S OFFICE, RESPONDENT-RESPONDENT. 

PETER J. CEDRONE, PETITIONER-APPELLANT PRO SE. 
COUGHLIN & GERHART, LLP, BINGHAMTON (NICHOLAS S. CORTESE OF COUNSEL), FOR RESPONDENT-RESPONDENT.

 Appeal from a judgment of the Supreme Court, Oswego County (Gregory R. Gilbert, J.), entered November 16, 2022, in a proceeding pursuant to CPLR article 78 and RPTL article 7. The judgment granted the objections of respondent and dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner owns two parcels of real property, a smaller parcel that contains his residence (occupied parcel) and a larger parcel that is undeveloped (vacant parcel). In 2022, petitioner was notified that the assessed value of the parcels had increased. As relevant here, petitioner commenced small claims assessment review (SCAR) proceedings seeking to reduce the assessment on each parcel (see RPTL 730). The Hearing Officer in the SCAR proceedings denied the petition to reduce the assessment on the occupied parcel and disqualified the petition to reduce the assessment on the vacant parcel. Petitioner thereafter commenced this hybrid CPLR article 78 and RPTL article 7 proceeding seeking, inter alia, to annul the determinations of the Hearing Officer in the SCAR proceedings (see RPTL 736 [2]; CPLR art 78) and review of the 2022 real property tax assessment on the vacant parcel (see RPTL art 7, title 1). Petitioner appeals from a judgment granting respondent's objections in point of law and dismissing the petition. We affirm.
Initially, with respect to the occupied parcel, we conclude that Supreme Court properly dismissed the petition insofar as it sought to annul the Hearing Officer's determination in the SCAR proceeding on the merits. "When such a determination is contested, the court's role is limited to ascertaining whether there was a rational basis for that determination" (Matter of Garth v Assessors of Town of Perinton, 87 AD3d 1306, 1307 [4th Dept 2011] [internal quotation marks omitted]; see Matter of Dodge v Krul, 99 AD3d 1218, 1219 [4th Dept 2012]). Here, the evidence presented during the SCAR proceedings, including the evidence of comparable sales and assessments, provided a rational basis for the Hearing Officer's determination that no change to respondent's assessment of the occupied parcel was necessary (see Matter of Bassett v Manlius, 145 AD3d 1636, 1636 [4th Dept 2016], lv denied 29 NY3d 907 [2017]; see generally Matter of American Tel. & Tel. Co. v State Tax Commn., 61 NY2d 393, 400 [1984], rearg denied 62 NY2d 943 [1984]).
We further conclude that the court properly dismissed the petition insofar as it sought to annul, pursuant to CPLR article 78, the Hearing Officer's determination disqualifying the SCAR petition challenging the assessment of the vacant parcel. A vacant parcel qualifies for SCAR where, inter alia, "the property is unimproved and is not of sufficient size as determined by the assessing unit or special assessing unit to contain a one, two or three family residential structure" [*2](RPTL 730 [1] [b] [ii]). Here, the vacant parcel was over 1.7 acres in size, well in excess of the minimum lot size of 15,000 square feet and, we note, substantially larger than the parcel on which petitioner's residence was located. The court therefore properly determined that the vacant parcel did not qualify for SCAR and that it could be reviewed only pursuant to title 1 of RPTL article 7 (see generally Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204 [1991], rearg denied 78 NY2d 1008 [1991]; Matter of Cayuga Grandview Beach Coop. Corp. v Town Bd. of Town of Springport, 51 AD3d 1364, 1364 [4th Dept 2008], lv denied 11 NY3d 702 [2008]).
We agree with petitioner that the court erred in dismissing as untimely that part of the petition seeking review, pursuant to title 1 of RPTL article 7, of the 2022 real property tax assessment on the vacant parcel. The record establishes that petitioner commenced this proceeding "within [30] days after having been served with a certified copy of the [SCAR] decision" pertaining to the vacant parcel (RPTL 733 [3]; see RPTL 736 [1]). Nonetheless, we conclude that the court properly dismissed that part of the petition seeking review of the 2022 assessment on the vacant parcel on the ground that petitioner failed to mail a copy of the notice of petition and petition to the superintendent of the Fulton City School District, as required by RPTL 708 (3) (see Matter of DP Fuller Family LP v City of Canandaigua, 207 AD3d 1220, 1222-1223 [4th Dept 2022]; see generally Matter of Westchester Joint Water Works v Assessor of the City of Rye, 27 NY3d 566, 570 [2016]). Mailing to any other official is insufficient to satisfy the statutory requirement and requires dismissal of the petition unless petitioner shows good cause for the failure to comply (see DP Fuller Family LP, 207 AD3d at 1222-1223; Matter of Gatsby Indus. Real Estate, Inc. v Fox, 45 AD3d 1480, 1481 [4th Dept 2007]). We conclude that, on the record before us, petitioner has not shown good cause for his failure to mail the required documents to the superintendent pursuant to RPTL 708 (3). Mere good faith efforts to comply with the mailing requirement are insufficient (see DP Fuller Family LP, 207 AD3d at 1227-1228).
We have reviewed petitioner's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court