Matter of Tribeca Estates LLC v Town of Fallsburg (2024 NY Slip Op 03214)

Matter of Tribeca Estates LLC v Town of Fallsburg

2024 NY Slip Op 03214

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

CV-23-0467
[*1]In the Matter of Tribeca Estates LLC et al., Respondents,
v
Town of Fallsburg et al., Appellants.

Calendar Date:April 25, 2024

Before:Egan Jr., J.P., Aarons, Fisher, McShan and Mackey, JJ.

Whiteman Osterman & Hanna LLP, Albany (Anthony R. Bjelke of counsel), for appellants.
Cohen, LaBarbera & Landrigan, LLP, Chester (Kyle A. Seiss of counsel), for respondents.

McShan, J.
Appeal from an order of the Supreme Court (Kevin R. Bryant, J.), entered March 1, 2023 in Sullivan County, which, among other things, in a proceeding pursuant to RPTL article 7, denied respondents' motion to dismiss the petition.
Petitioner Tribeca Estates LLC is a residential community of 37 duplex-style buildings that house 74 condominium units located in the Town of Fallsburg, Sullivan County. Respondent Assessor of the Town of Fallsburg assessed the value of the 74 condominium units for the 2022/2023 tax year and respondent Board of Assessment Review subsequently affirmed that assessment. Thereafter, petitioners — Tribeca and the Board of Managers for Tribeca Estates Condominium, on behalf of the individual unit owners — commenced this proceeding, pursuant to RPTL article 7, seeking judicial review and correction of the assessment. Petitioners mailed copies of the petition and notice thereof to the superintendent of the Fallsburg Central School District, the Sullivan County Division of Management and Budget and the Sullivan County Real Property Tax Agency on the same day that they commenced this proceeding. Respondents thereafter moved to dismiss the petition, arguing that petitioners failed to serve the Sullivan County Treasurer as required by RPTL 708 (3) and, alternatively, that petitioners had failed to timely file proof of service. Petitioners opposed respondents' motion and cross-moved for an order declaring their compliance with RPTL 708 and an extension of time to serve the petition pursuant to CPLR 306-b. Supreme Court denied respondents' motion to dismiss and granted petitioners' cross-motion in its entirety, finding in relevant part that respondents had demonstrated good cause for their failure to serve the treasurer. Respondents appeal.
RPTL 708 (3) requires that "one copy of the petition and notice shall be mailed within [10] days from the date of service thereof . . . to the superintendent of schools of any school district within which any part of the real property on which the assessment to be reviewed is located and, in all instances, to the treasurer of any county in which any part of the real property is located" (see Matter of DP Fuller Family LP v City of Canandaigua, 207 AD3d 1220, 1222 [4th Dept 2022]; see also Matter of Westchester Joint Water Works v Assessor of the City of Rye, 27 NY3d 566, 570 [2016]). "Failure to strictly comply with the statute's notice requirements 'shall result in the dismissal of the petition, unless excused for good cause shown' " (Matter of Highbridge Dev. BR, LLC v Assessor of the Town of Niskayuna, 121 AD3d 1324, 1325 [3d Dept 2014], quoting RPTL 708 [3]).[FN1]
There is no dispute that petitioners did not strictly comply with RPTL 708 (3), having failed to mail copies of the petition and notice to the Sullivan County Treasurer within 10 days of service. The inquiry before us accordingly distills to whether petitioners have demonstrated sufficient good cause to avoid mandatory dismissal. Petitioners [*2]rely on the affidavit of their counsel's employee, who avers that she was unable to find the treasurer's address on Sullivan County's website and, consequently, she determined that she could send the petition and notice to the local school district's superintendent and two unrelated county agencies based upon her evaluation of the responsibilities of those agencies pertaining to the assessment of properties in Sullivan County. However, regardless of whether that mistaken belief was rooted in good faith, it "does not constitute good cause shown within the meaning of RPTL 708 (3) to excuse petitioner[s'] failure to [strictly] comply with that section" (Matter of DP Fuller Family LP v City of Canandaigua, 207 AD3d at 1228 [internal quotation marks and citation omitted]; see Matter of Cedrone v City of Fulton Assessor's Off., 222 AD3d 1355, 1357 [4th Dept 2023]). To this point, the failure to locate the treasurer's contact information on the County website neither provides justification for the conclusion that service on a different County office could be made in lieu of the treasurer, nor does it establish that respondents made some affirmative misrepresentation as to the proper location to serve the treasurer (see Matter of MM1, LLC v LaVancher, 45 AD3d 1481, 1482 [4th Dept 2007]; Matter of Orchard Hgts., Inc. v Yancy, 15 AD3d 854, 854 [4th Dept 2005], lv denied 4 NY3d 710 [2005]; compare Matter of Harris Bay Yacht Club, Inc. v Town of Queensbury, 46 AD3d 1304, 1306 [3d Dept 2007]; Matter of Village Sq. of Penna v Semon, 290 AD2d 184, 188 [3d Dept 2002], lv dismissed 98 NY2d 647 [2002]). Further, there is no indication that petitioners undertook any additional action to ascertain the appropriate contact information for the County treasurer before resorting to service on other government officials, thus negating petitioners' contention that they engaged in diligent efforts (see Matter of Highbridge Dev. BR, LLC v Assessor of the Town of Niskayuna, 121 AD3d at 1325; Matter of First Source Fed. Credit Union v Stuhlman, 267 AD2d 1026, 1027 [4th Dept 1999], lv denied 95 NY2d 758 [2000]).
Finally, to the extent petitioners suggest that we consider their proffered excuses in the aggregate to find good cause for their failure to effectuate proper service, we reject that contention. Petitioners' aforementioned reasons lack merit and, therefore, they cannot aggregate those justifications in order to rely on the absence of prejudice to respondents (see Matter of Board of Mgrs. of Copley Ct. Condominium v Town of Ossining, 19 NY3d 869, 871 [2012]; Matter of DP Fuller Family LP v City of Canandaigua, 207 AD3d at 1227; Matter of Champlain Ctr. N. LLC v Town of Plattsburgh, 165 AD3d 1440, 1441 [3d Dept 2018]; Matter of Cornwall Yacht Club, Inc. v Assessor, 110 AD3d 1070, 1071 [2d Dept 2013], lv denied 23 NY3d 904 [2014]) or the contention that respondents had adequate notice of the proceeding by virtue of service being made on officials in the same building (see [*3]Matter of Gatsby Indus. Real Estate, Inc. v Fox, 45 AD3d 1480, 1481 [4th Dept 2007]). Our determination renders any issue with the purported deficiency in filing of the notice academic. Petitioners' remaining contentions have been considered and found lacking.
Egan Jr., J.P., Aarons, Fisher and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, respondents' motion granted, petitioners' cross-motion denied and petition dismissed.

Footnotes

Footnote 1: Petitioners have essentially conceded that their failure to effectuate proper service cannot be excused under an interest of justice analysis. That premise is accurate, as "RPTL 708 (3) expressly covers the result where a petitioner fails to comply with the mailing requirements of that statute, that is, dismissal in all such instances except where good cause is shown for the error" (see Matter of Westchester Joint Water Works v Assessor of the City of Rye, 27 NY3d at 575). In other words, an extension for time to serve in the interest of justice, as provided in CPLR 306-b, is inapplicable to the notice requirement set forth in RPTL 708 (3) (see Matter of Harris Bay Yacht Club, Inc. v Town of Queensbury, 46 AD3d 1304, 1305 [3d Dept 2007]).